No. 85-264

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

LELAND F. DOCKEN,

        Defendant and Appellant.


APPEAL FROM: District Court of the Fifth Judicial District,
             In and for the County of Jefferson,
             The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Gregory A. Jackson, Helena, Montana


        For Respondent:

            Hon. Mike Greely, Attorney General, Helena, Montana
            Barbara Claassen, Asst. Attorney General, Helena
            John P. Connor, County Attorney, Boulder, Montana


                        Submitted on Briefs: April 17, 1986

                            Decided: June 12, 1986


Filed: JUN 12 1986


_____
            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Leland Docken appeals from a guilty plea on a charge of deliberate homicide and sentence by the District Court of the Fifth Judicial District, Jefferson County, to 100 years in the Montana State Prison. We affirm.

Docken raises two issues on appeal. Was he denied effective assistance of counsel? Was his guilty plea entered intelligently and voluntarily?

The victim, Terrance McGlynn was an associate professor at the Butte School of Mines, and the defendant's father-in-law. He was last seen on April 14, 1984 in Butte in the company of the defendant. When he failed to return home, an investigation into his disappearance began. On April 21, 1984, Docken was arrested by Butte-Silver Bow authorities, and given his Miranda warning. Within minutes he gave a 110-page transcribed statement which indicated he argued with the victim who had advised his daughter to divorce Docken. A struggle ensued and Docken shot and killed McGlynn. Docken led authorities to the grave site where the body of the victim was found. Autopsy reports indicated the victim died as a result of a single .22 caliber gunshot wound to the chest. The evidence indicated that the gun used was borrowed by defendant from his brother-in-law two days prior to the shooting. It was fully loaded when borrowed and when returned one day after the shooting, there had been one shot fired. The bullet that killed the victim was forensically shown to have come from that gun. The pick and shovel used to dig the grave were in Docken's possession prior to the incident. Witnesses placed Docken at or near the scene of

the grave, on the day of the incident. Two days after the killing, Docken went to Billings and made purchases on the victim's credit card. Docken at all times denied recollection of the events up to and including the statement.

Docken was arraigned on June 4, 1984. He entered a plea of not guilty. His court-appointed lawyers filed notices of intent to rely on the defenses of mental disease or defect and justifiable use of force. He also requested psychological evaluation and treatment. The court granted the request for psychological evaluation and counseling. On July 27, 1984, the defendant's counsel filed a notice of withdrawal of defenses of mental disease and justifiable use of force.

On August 3, 1984, the defendant signed two documents entitled "Memorandum to File" which outline the facts related to the charge of deliberate homicide and the circumstances of the appellant's decision to plead guilty. One memorandum states, "[t]he purpose of this memorandum is to demonstrate that I made my decision independently and on my own, although after consultation with both the prosecuting attorney and my attorneys." The memoranda were prepared by his attorneys to ensure that the appellant understood the charges, the nature of the plea bargain, and the consequences of pleading guilty, including the possible sentence.

The defendant signed an "Acknowledgment of Waiver of Rights by Plea of Guilty" on August 6, 1984. Thereafter, he pled guilty before the District Court to the charge of deliberate homicide. He was sentenced, following a hearing, to 100 years imprisonment as a dangerous offender.

The defendant did not file a motion to withdraw his guilty plea. On October 23, 1984, he filed a pro se motion

for a new trial. The motion claimed, _inter alia_, that he was denied effective assistance of counsel. On November 13, 1984, he filed a notice of appeal from the judgment and sentence.

The District Court denied the defendant's motion for a new trial and set a hearing on the defendant's other post-conviction requests. At the hearing, the court released the court-appointed attorneys from representation of the defendant. Docken stated that his guilty plea was not voluntarily entered, claiming that he "didn't understand it exactly at the time." Thereafter, the District Court appointed the current counsel to represent him "for purposes of his appeal and/or petition to withdraw his plea of guilty."

The first issue on appeal is whether Docken was denied effective assistance of counsel. Recently this Court stated that "[p]ersons accused of a crime are entitled to the effective assistance of counsel acting within the range of competence demanded of attorneys in criminal cases." State v. Rose (1980), 187 Mont. 74, 86, 608 P.2d 1074, 1081. The standards for effective assistance of counsel were set out by the United States Supreme Court in Strickland v. Washington (1984), ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by Montana in State v. Boyer (Mont. 1985), 695 P.2d 829, 831, 42 St.Rep. 247, 250:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose results are reliable.

Boyer, 695 P.2d at 831, 42 St.Rep. at 250.

To show prejudice:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of a proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

State v. Robbins (Mont. 1985), 708 P.2d 227, 232, 42 St.Rep. 1440, 1444.

The United States Supreme Court recently held the same standards apply when the claim of ineffective assistance of counsel is made with regard to a guilty plea. Hill v. Lockhart (1985), ___ U.S. ___, 106 S.Ct. 366, 88 L.Ed.2d 203.

Docken contends he was denied effective assistance of counsel because his attorneys did not move to suppress his confession. He contends the confession was not freely, voluntarily, and intelligently given because Docken repeatedly asserted he could not recall the statement and that ·his chronic alcohol and drug abuse had altered his memory. However, there is no evidence in the record that he was under the influence of alcohol or drugs when he made the statement. As to his claim that he did not remember the statement, he reiterated the sequence of events to the court before entering a plea and signed a memorandum restating the facts. Under the circumstances, Docken has not shown that counsel's decision not to file a motion to suppress was error. Thus he does not meet the first tier of the ineffective assistance of counsel standard.

Docken next contends counsels' withdrawal of the affirmative defenses of justifiable use of force and mental disease or defect deprived him of a defense. He contends that with all his defenses removed he had no hope of

prevailing at trial and had to plead guilty. He claims the failure of his counsel to pursue these defenses constitutes ineffective assistance.

The record shows that the defense of justifiable use of force was unsupported by the facts. The defense of mental disease or defect was withdrawn after Docken was evaluated by doctors at Warm Springs State Hospital. They stated he did not have a mental disease or defect and that he could have acted with the requisite mental state.

In view of this evidence, Docken cannot meet the first tier of the ineffective assistance of counsel test by showing his counsel erred by withdrawing these defenses. In fact, the record reflects a diligent effort made by counsel in spite of the overwhelming evidence of their client's guilt.

Next Docken contends that he did not enter his guilty plea with full understanding of the consequences, and that he should have been informed of his right to appeal a jury conviction.

The standards for entry of a guilty plea were set in State v. Lewis (1978), 177 Mont. 474, 582 P.2d 346.

In Lewis, we stated:

> We hold that when in the sentencing procedure, the District Court carefully, as here, examines the defendant, finds him to be competent, and determines from him that his plea of guilty is voluntary, he understands the charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the facts upon which his guilt is based, then a plea of guilty accepted by the District Court on the basis of that examination will be upheld; and a motion later made by the defendant, as here, to gainsay in effect what the defendant earlier represented to the District Court, apparently to receive a lighter sentence, can not be given any degree of credence.

177 Mont. at 485, 582 P.2d at 352.

The record shows that the guilty plea accepted by the District Court explained the charge, the minimum and maximum punishment, his rights as a defendant and at trial, what rights he waived by pleading guilty, the consequences of a guilty plea, that the county attorney agreed not to seek the death penalty, but could recommend any sentence, and set out the factual basis for the guilty plea. It also states he is competent, not under the influence of alcohol or drugs and has been well advised. In addition, three days prior to the entry of the guilty plea in open court, Docken signed two memoranda to file. One memorandum describes the events leading up to the murder and the murder of his father-in-law. It discusses the conferences Docken had with his attorneys during which the possibility of a guilty plea was discussed. It states that after pondering this decision in many conferences, Docken instructed his attorneys to make arrangements for the entry of his plea. The memorandum states that his attorneys repeatedly advised that the decision to plead guilty was entirely in his control, and that decision was made independently.

The other memorandum discusses the possible sentence for deliberate homicide and that the county attorney agreed to not recommend the death penalty in exchange for a guilty plea, but reserved the right to recommend any sentence, including imprisonment for 100 years. It states that his attorneys made no recommendation for or against a guilty plea, but that after consideration he decided to plead guilty to avoid the trauma of trial for his parents, children, family, and wife. Given the evidence in the record that the defendant gave his guilty plea intelligently and voluntarily,

we hold the District Court did not err in refusing to set aside his guilty plea. We affirm the conviction and sentence of the defendant.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 8 -