No. 88-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

    Plaintiff and Respondent,

-vs-

DELMAR BLACK,

    Defendant and Appellant.

**FILED**

SEP 7 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    F. Woodside Wright, Helena, Montana

    For Respondent:

    Marc Racicot, Attorney General, Helena, Montana;
Paul Johnson, Assistant Attorney General, Helena,
Montana; Ralph Patch, Roosevelt County Attorney,
Wolf Point, Montana

Submitted:    June 28, 1990

Decided:    September 7, 1990

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant and defendant Delmar Black appeals from the order of the District Court of the Fifteenth Judicial District of the State of Montana, County of Roosevelt, which accepted defendant's plea of guilty to simple assault, a felony, and sentenced defendant to 5 years at the Montana State Prison. The sentence also required that defendant complete a sexual offender course while incarcerated. We affirm.

The issues on appeal are:

1. Whether defendant was denied his right to counsel at the evidentiary hearing ordered by this Court regarding defendant's claim of ineffective assistance of counsel.

2. Whether defendant's claim of ineffective assistance of counsel on direct appeal is res judicata due to the previous findings of fact and decision on this issue by the District Court and which was subsequently adopted by this Court.

3. Whether defendant's plea of guilty was entered voluntarily and with knowledge of its consequences.

4. Whether the sentence imposed upon defendant by the District Court was a legal sentence.

5. Whether the delay in appointing counsel for defendant on direct appeal was a denial of due process.

Defendant was charged by information with the felony offense of incest with his fourteen-year-old daughter, N.B. A jury trial was set to be held on February 8, 1988. On that date, but before

2

the trial began, defendant's attorney and the county attorney approached the court with a plea agreement proposal. The plea agreement contemplated amending the charge against defendant from incest to simple assault. The county attorney made a motion requesting the court to allow such amendment and the motion was granted.

The factual basis for the amended charge was that Black had physically and mentally injured his daughter in the course of soliciting her for sex and engaging her in lengthy discussions regarding sexual matters. After lengthy interrogation by the court, defendant's plea of guilty to the amended charge was accepted, and, pursuant to the plea agreement, defendant was sentenced to five years in the Montana State Prison, subject to the condition that he enroll in and complete the sexual offender's treatment program at the prison.

On March 15, 1988, defendant filed a notice of appeal in District Court, together with a motion for appointment of counsel. In his motion for appointment of counsel, defendant stated that he needed new counsel because he intended to pursue a claim of ineffective assistance of counsel against the attorney originally appointed to represent him. The District Court did not act on defendant's motion to appoint counsel so, on May 4, 1988, defendant filed in this Court a motion to compel the District Court to appoint counsel. This motion to compel was supported by a brief which contained, as exhibits, copies of defendant's previous motions.

On June 14, 1988, this Court, after briefing by the State of Montana Attorney General, remanded the case to the District Court for an evidentiary hearing on defendant's claim of ineffective assistance of counsel. In our order, we denied defendant's request for appointment of counsel for the proceedings on remand.

The evidentiary hearing was held on August 31, 1988. The original sentencing judge did not preside. Defendant, representing himself, attended the hearing and participated in the examination and cross-examination of witnesses.

On September 7, 1988, the District Court entered its findings of fact and decision, concluding that defendant had not been denied effective assistance of counsel. In an order dated September 20, 1988, we adopted the findings and decision of the District Court denying defendant's ineffective assistance claim.

Counsel was then appointed by the District Court. This appeal on all the issues enumerated above, including the issue of ineffective assistance of counsel followed.

The first issue is whether defendant was denied his right to counsel at the evidentiary hearing ordered by this Court regarding defendant's claim of ineffective assistance of counsel. A defendant is entitled to assistance of counsel through the critical stages of a criminal prosecution "where potential substantial prejudice inheres in the absence of counsel." State v. Robbins, 218 Mont. 107, 111, 708 P.2d 227, 230 (1985). See U.S. Const. Amend. VI. Direct appeals are considered to be part of these critical stages. However, petitions for post-conviction relief are

4

collateral attacks that are civil in nature and are not governed by the Sixth Amendment requirements for counsel. See Coleman v. State, 38 St.Rep. 1352, 1353-54, 633 P.2d 624, 626-627 (Mont. 1981).

In this case, although defendant originally raised the issue of ineffective assistance of counsel on direct appeal, the resolution of such issue required consideration of factual matters not contained in the record thereby making it an inappropriate issue for direct appeal. Section 46-20-701, MCA; State v. Elliott, 221 Mont. 174, 178, 717 P.2d 572, 575 (1986). Because defendant's filing failed to meet the requirements of a direct appeal, we appropriately treated such filing as a petition for post-conviction relief as provided in §§ 46-21-101 to 203, MCA. We then remanded defendant's claim to the District Court so that an evidentiary hearing could be held that would allow defendant to present those factual matters necessary to his claim. See State v. Laverdure, 212 Mont. 31, 33, 685 P.2d 375, 376 (1984).

Our treatment of defendant's claim is in keeping with the conclusions reached by the Ninth Circuit Court of Appeals in U.S. v. Birges, 723 F.2d 666 (9th Cir., 1984). In Birges, the court specifically stated that ineffective assistance of counsel claims raised on direct appeal and involving the consideration of facts beyond the record would more appropriately be addressed by a petition for post-conviction relief. Birges, 723 F.2d at 670. See also People v. Pope, 590 P.2d 859 (Cal. 1979). Because defendant's claim of ineffectiveness involved facts beyond the record and

5

because all of the requirements for a petition for post-conviction relief were met, defendant's claim was appropriately classified as a petition for post-conviction relief. As a result, defendant was not constitutionally entitled to counsel.

The second issue on appeal is whether defendant's claim of ineffective assistance of counsel on direct appeal is res judicata due to the previous findings of fact and decision on this issue by the District Court, which was subsequently adopted by this Court.

This Court has applied the issues of res judicata and law of the case to preclude an appellant from raising issues on appeal which were previously resolved by this Court. State v. Perry, 232 Mont. 455, 463-65, 758 P.2d 268, 273-74 (1988); State v. Smith, 220 Mont. 364, 372, 715 P.2d 1301, 1306 (1986). The principle is that an issue that has been finally decided cannot again be relitigated. State v. Zimmerman, 175 Mont. 179, 185, 573 P.2d 174, 177 (1977). "[W]here a decision has been rendered by the Supreme Court on a particular issue between the same parties in the same case, whether that decision is right or wrong, such decision is binding on the parties and the courts and cannot be relitigated in a subsequent appeal." Zimmerman, 175 Mont. at 185, 573 P.2d at 177. Two important policy rationales underlie these principles: judicial economy and the need for finality of judgments. Perry, 232 Mont. at 463, 758 P.2d at 273. They stand "for the proposition that there must be an end to litigation at some point." Perry, 232 Mont. at 464, 758 P.2d at 273.

In this case, an evidentiary hearing was held on the issue of ineffective assistance of counsel. The District Court rendered a decision which we reviewed and subsequently affirmed. To afford defendant additional review of the same issue between the same parties would negate the intent of the doctrines of res judicata and law of the case. Defendant's claim of ineffective assistance has been fully litigated and reconsideration of that claim is barred.

The third issue on appeal is whether defendant's plea of guilty was entered voluntarily and with knowledge of its consequences. We have already disposed of defendant's ineffective assistance of counsel claim and will not discuss defendant's assertion that his guilty plea was involuntary due to ineffective assistance of counsel.

Section 46-16-105, MCA, governs a district court's acceptance of a guilty plea and provides that:

> (1)   Before or during trial, a plea of guilty may be accepted when:
>
> (a)   the defendant enters a plea of guilty in open court; and
>
> (b)   the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea.

A guilty plea is presumed to be provided voluntarily and with full knowledge of its consequences when:

> the District Court carefully. . . examines the defendant, finds him to be competent, and determines from him that his plea of guilty is voluntary, he understands the

7

charge and his possible punishment, he is not acting under the influence of drugs or alcohol, he admits his counsel is competent and he has been well advised, and he declares in open court the facts upon which his guilt is based. . .

State v. Docken, 222 Mont. 58, 62-63, 720 P.2d 679, 682 (1986) citing State v. Lewis, 177 Mont. 474, 582 P.2d 346 (1978). "[A] plea of guilty accepted by the District Court on the basis of that examination will be upheld. . ." Docken, 222 Mont. at 63, 720 P.2d at 682, citing Lewis.

In State v. Martz, 233 Mont. 136, 760 P.2d 65 (1988), we added that the district court must also inform the defendant of the following before accepting his or her guilty plea:

1)   [the defendant's] constitutional rights;

2)   the consequences of a guilty plea;

3)   the possible maximum penalty involved; and

4)   that the court could not involve itself in the plea agreement and was not obligated to accept the recommended sentence.

Martz, 233 Mont. at 143, 760 P.2d at 69.

In this case, it is evident from the record that the District Court properly examined defendant and correctly determined that defendant's plea was entered voluntarily and with  full knowledge of its consequences.  Defendant's assertion that he was never informed by the District Court that he would have to attend a sexual offender's program is directly contrary to the record as set forth in the transcript of the sentencing hearing where, when directly questioned by the court defendant specifically acknowledges such requirement:

8

THE COURT: But you understand that. . . if you entered a plea here of guilty, you would be sentenced to five years in the state prison and that you will undergo 72 weeks or 73 weeks of sexual offenders therapy?

DEFENDANT: Yes.

Defendant also asserts that his plea was not entered with full knowledge because his hearing loss and the medication he was taking for his arthritis interfered with his ability to fully understand the consequences of his plea. The record fails to support defendant's assertion. During the questioning by the District Court, defendant answered all questions without hesitation and without request that the court repeat itself.

Defendant's plea of guilty was entered voluntarily and with full knowledge. The court informed defendant of the consequences of his plea and of the possible maximum penalty which may be imposed. There is nothing in the record to suggest that defendant was unable to hear or understand what the court asked or that he was not in full control of his faculties.

The fourth issue on appeal is whether the sentence imposed upon defendant by the District Court was a legal sentence.

Defendant argues that the District Court did not have the authority to require the defendant to complete a sexual offender's course while incarcerated. Defendant is mistaken.

In imposing the appropriate sentence, the district court must comply with the requirements set forth in §§ 46-18-201 through

9

-261, MCA.   Under § 46-18-202(1)(e), MCA, the district court is given broad discretion in imposing restrictions upon a defendant beyond those specifically required by statute:

> The district court may also impose any of the following restrictions or conditions on the sentence provided for in 46-18-201 which it considers necessary to obtain the objectives of rehabilitation and the protection of society:
>
> . . .
>
> (e) any other limitation reasonably related to the objectives of rehabilitation and the protection of society.

In imposing additional limitations there must be a correlation established between the additional limitations and either the rehabilitation of the offender or the protection of society.   In State v. Sullivan, 197 Mont. 395, 642 P.2d 1008 (1982), the District Court found that the burglary committed by the defendant was significantly influenced by excessive alcohol use.   This connection between the crime committed and alcohol justified the District Court's sentence prohibiting defendant's use of alcohol while on parole.   This Court reasoned that failure to restrict defendant's alcohol use "would not aid in his rehabilitation nor would it be conducive to the protection of society." Sullivan, 197 Mont. at 403, 642 P.2d at 1012.

In this case, the District Court properly included within defendant's sentence the condition that defendant complete a sexual offender's course while incarcerated.   Defendant was convicted of assault upon his fourteen year old daughter.   There is ample support in the record, based upon the examination of defendant at

10

the plea hearing, that the assault took the form of both bodily injury and invitations or solicitations concerning sexual intercourse which resulted in mental and emotional impairment to the daughter. The sexual nature of the assault established a significant connection between the crime and the need for defendant to attend the sexual offender's program. In order to protect society and to promote rehabilitation of the defendant, the District Court properly determined that defendant needed to attend the sexual offender's program. The sentence was proper.

The fifth issue on appeal is whether the delay in appointing counsel for defendant's direct appeal was a denial of due process.

Defendant alleges that the 21 month delay between the date of filing his notice of appeal and request for appointment of counsel to the date counsel was appointed was a denial of due process. We disagree.

Due process protection under both the United States Constitution and the Montana Constitution requires that a defendant be given a fair and meaningful appeal. U.S. Const. Amend. XIV; Mont. Const., Art. II, § 17. Because each case revolves around a unique set of facts, "consideration of the facts and circumstances of each case" must be evaluated to determine whether that particular defendant has been afforded a fair and meaningful appeal. Hankins v. Wicker, 582 F.Supp. 180, 182-183 (W.D. Pa. 1984).

This Court has not specifically dealt with this issue. Therefore, we look to the line of cases originating with United

States v. Alston, 412 A.2d 351 (D.C. 1980), for support. See State v. Chapple, 660 P.2d 1208 (Ariz. 1983); State v. Hall, 487 A.2d 166 (Vt. 1984); Lopez v. State, 769 P.2d 1276 (Nev. 1989).

Alston held that a delay in the processing of an appeal rises to the level of a due process violation only upon a showing of prejudice to the defendant. Alston, 412 A.2d at 357. Prejudice to the defendant is the sole determining factor in assessing whether a defendant was given a fair and meaningful appeal. Alston, 412 A.2d at 357; Chapple, 660 P.2d at 1226; Hall, 487 A.2d at 171. In alleging prejudice due to appellate delay, defendant must show that: 1) he is "unable to present an adequate appeal because of the delay, or 2) that he will be unable to defend adequately in the event a retrial is ordered." Hall, 487 A.2d at 171, citing Chapple, 660 P.2d at 1225-1226 and Alston, 412 A.2d at 356-357.

In this case, defendant has failed to show that the delay in hearing his appeal and in the appointment of counsel prejudiced his appeal. Delay alone is not adequate to raise a due process concern absent some proof of prejudice occasioned by the delay. Chapple, 660 P.2d at 1226 (15-month post-conviction incarceration without appeal does not, absent a showing of prejudice, violate due process). See also Alston, (33 1/4-month delay did not result in prejudice); Hall, (17-month delay did not result in prejudice).

Defendant has only presented general allegations concerning prejudice resulting from denial of appointment of counsel. It has already been determined that defendant was not entitled to counsel

at t h e evidentiary hearing on remand. Immediately after the hearing, counsel was appointed to represent defendant in his current appeal. Defendant has failed to show that subsequent appointment of counsel was prejudicial.

Additionally, the time period defendant refers to as a delay is questionably labeled. Defendant filed his notice of appeal on March 15, 1988. After briefing, this Court issued an order remanding the case to the District Court and denying defendant appointment of counsel on remand. The District Court heard the remand on August 31, 1988, and issued its order on September 7, 1988. Upon review of the District Court's order, this Court issued its order adopting the District Court's findings on October 7, 1988. Counsel for defendant was then appointed and the appeal was briefed by both parties. Based upon the above it is evident that this Court proceeded in an orderly, timely, and legally proper fashion to review and dispose of the case.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

13