JUSTICE TRIEWEILER
concurring in part and dissenting in part:
I concur with the majority’s disposition of the first three issues raised by the defendant.
I dissent from that part of the majority’s decision which refuses to consider the first three bases upon which appellant contends that he received ineffective assistance of counsel. The majority’s rationale for not considering these allegations is that to do so would require consideration of factual matters outside the record. That is correct. There cannot logically be any record of an attorney’s failure to meet with his client and prepare an adequate defense; or of conversations between defendant and bis counsel; or of counsel’s failure to contact potential witnesses.
However, it is not a reasonable use of this Court’s resources to refuse to consider those issues in this appeal and invite a petition for post-conviction relief to consider the same issues.
The majority cited State v. Black, [245 Mont. 39,] 798 P.2d 530, 532, 47 St.Rep. 1677, 1679 (Mont. 1990), as authority for its refusal to consider matters which are not part of the record. However, the action taken in this case is not consistent with what this Court did in State v. Black. In that case, even though defendant raised ineffective assistance of counsel on direct appeal, that appeal was treated as a petition for post-conviction relief for purposes of dealing with that issue, and remanded to the District Court for an evidentiary hearing to allow the defendant to develop the necessary record with which to argue inadequacy of counsel. That defendant’s appeal from the adverse finding of the trial court was then consolidated with the remaining issues on appeal. The following quote from State v. Black is illustrative of what was done in that case:
*270 “In this case, although defendant originally raised the issue of ineffective assistance of counsel on direct appeal, the resolution of such issue required consideration of factual matters not contained in the record thereby making it an inappropriate issue for direct appeal. Section 46-20-701, MCA; State v. Elliott, 221 Mont. 174, 178, 717 P.2d 572, 575 (1986). Because defendant’s filing failed to meet the requirements of a direct appeal, we appropriately treated such filing as a petition for post-conviction relief, as provided in §§ 46-21-101 to 203, MCA. We then remanded defendant’s claim to the District Court so that an evidentiary hearing could be held that would allow defendant to present those factual matters necessary to his claim. See State v. Laverdure, 212 Mont. 31, 33, 685 P.2d 375, 376 (1984).”
State v. Black, 798 P.2d at 532.
I would follow the same procedure followed in the Black decision in order to avoid duplications of proceedings in this case.