No. 96-446 & 96-447

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DAVID SEVERNS,

     Petitioner and Respondent,

  v.

STATE OF MONTANA,
DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES,
CHILD SUPPORT ENFORCEMENT
DIVISION,

     Respondent and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          John M. McRae, Special Assistant Attorney General,
          Missoula, Montana

     For Respondent:

          Christopher Daly, Missoula, Montana

FILED

JAN 02 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  November 14, 1996

Decided:  January 2, 1997

Filed:

_____
           Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The Child Support Enforcement Division of the Montana Department of Social and Rehabilitation Services (CSED) appeals the decision of the Fourth Judicial District Court, Missoula County, requiring the CSED to comply with an earlier order of the District Court which the CSED failed to appeal.

We affirm.

David Severns (Severns) is the father of two children born of two separate relationships. The CSED calculated Severns' child support obligation for each child, but Severns took issue with the manner in which those obligations were calculated. In determining Severns' support obligation for his second child, the CSED deducted his existing support obligation for his first child from his available monthly income. It then used his remaining available monthly income as the basis for calculating the support due to his second child.

Severns contended that this method of calculation in effect penalized him for having two children by two different mothers. He contended that the child support should have been calculated by determining the obligation for two children, deducting that amount from his available income, and then dividing the figure by two. He

2

On appeal, the CSED addresses the propriety of the 1995 order, which it contends was erroneous and exceeded the District Court's authority. In response, Severns points out that the 1995 order was an appealable one, but that the CSED did not appeal it. In the absence of an appeal, Severns contends that, correct or incorrect, that order became the law of this case.

The doctrine of "the law of the case" refers to

> the principle that if an appellate court has passed on a legal question and remanded the cause to the court for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.

Black's Law Dictionary (6th ed. 1990) 886-887 (citations omitted); see also Fiscus v. Beartooth Electric Cooperative, Inc. (1979), 180 Mont. 434, 436, 591 P.2d 196, 197. The law of the case means that once an issue has been finally decided, whether rightly or wrongly, it cannot again be relitigated. State v. Black (1990), 245 Mont. 39, 44, 798 P.2d 530, 533 (citing State v. Zimmerman (1977), 175 Mont. 179, 185, 573 P.2d 174, 177). The principle of the law of the case promotes judicial economy and serves the need for finality of judgments; it also stands for the proposition that there must be an end to litigation at some point. Black, 798 P.2d at 533 (citing State v. Perry (1988), 232 Mont. 455, 463-64, 758 P.2d 268, 273-74).

The doctrine of the law of the case has most often been applied in Supreme Court decisions. See, for example, Haines Pipeline Construction v. Montana Power Co. (1994), 265 Mont. 282, 876 P.2d 632; In re Marriage of Becker (1992), 255 Mont. 357, 842

4

recalculation using another, more equitable formula. The order in question set out the law as determined by the District Court. Since the CSED did not appeal that judicial determination, the 1995 order of the District Court was and is the law of this case.

It is not the function of the CSED to determine whether the pronouncements of the District Court are correct or not; that is the function of this Court. If the CSED is presented with a decision with which it disagrees, it may choose to follow it or it may choose to appeal it. It may not, however, choose to ignore it.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6