No. 96-446 & 96-447

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DAVID SEVERNS,

      Petitioner and Respondent,

   v.

STATE OF MONTANA,
DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES,
CHILD SUPPORT ENFORCEMENT
DIVISION,

      Respondent and Appellant.


APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        John M. McRae, Special Assistant Attorney General,
Missoula, Montana

     For Respondent:

        Christopher Daly, Missoula, Montana

Submitted on Briefs: November 14, 1996

Decided: January 2, 1997

Filed:

FILED

JAN 02 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The Child Support Enforcement Division of the Montana Department of Social and Rehabilitation Services (CSED) appeals the decision of the Fourth Judicial District Court, Missoula County, requiring the CSED to comply with an earlier order of the District Court which the CSED failed to appeal.

We affirm.

David Severns (Severns) is the father of two children born of two separate relationships. The CSED calculated Severns' child support obligation for each child, but Severns took issue with the manner in which those obligations were calculated. In determining Severns' support obligation for his second child, the CSED deducted his existing support obligation for his first child from his available monthly income. It then used his remaining available monthly income as the basis for calculating the support due to his second child.

Severns contended that this method of calculation in effect penalized him for having two children by two different mothers. He contended that the child support should have been calculated by determining the obligation for two children, deducting that amount from his available income, and then dividing the figure by two. He

2

appealed the CSED's method of calculation because he claimed it impermissibly resulted in a higher child support obligation than would have resulted if the CSED had used the method he suggested. The Administrative Law Judge (ALJ) affirmed the CSED's determination and Severns appealed to the District Court.

By an order dated February 28, 1995, the District Court determined that the method employed by the CSED was in compliance with the child support guidelines. Nevertheless, the District Court concluded that application of this method of calculation in this case was an error of law because it failed to take into adequate consideration Severns' obligation to support two children by two different mothers. It therefore concluded that the CSED's method of calculation was "unreasonable and arbitrary" and remanded the matter for recalculation of Severns' support obligation. The CSED did not appeal this 1995 order of the District Court.

On remand, the CSED refused to use a different method of calculation other than that which it felt was mandated by the child support guidelines. It therefore re-figured Severns' support obligation using the same method of calculation it had employed before and, not surprisingly, reached the same result. Severns again appealed; the ALJ again affirmed; and Severns again appealed to the District Court. By an order dated April 29, 1996, the District Court informed the CSED and the ALJ that this was not the result mandated by the 1995 order, and remanded again with instructions that the CSED fully comply with the 1995 order. The CSED now appeals.

3

On appeal, the CSED addresses the propriety of the 1995 order, which it contends was erroneous and exceeded the District Court's authority. In response, Severns points out that the 1995 order was an appealable one, but that the CSED did not appeal it. In the absence of an appeal, Severns contends that, correct or incorrect, that order became the law of this case.

The doctrine of "the law of the case" refers to

> the principle that if an appellate court has passed on a legal question and remanded the cause to the court for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.

Black's Law Dictionary (6th ed. 1990) 886-887 (citations omitted); see also Fiscus v. Beartooth Electric Cooperative, Inc. (1979), 180 Mont. 434, 436, 591 P.2d 196, 197. The law of the case means that once an issue has been finally decided, whether rightly or wrongly, it cannot again be relitigated. State v. Black (1990), 245 Mont. 39, 44, 798 P.2d 530, 533 (citing State v. Zimmerman (1977), 175 Mont. 179, 185, 573 P.2d 174, 177). The principle of the law of the case promotes judicial economy and serves the need for finality of judgments; it also stands for the proposition that there must be an end to litigation at some point. Black, 798 P.2d at 533 (citing State v. Perry (1988), 232 Mont. 455, 463-64, 758 P.2d 268, 273-74).

The doctrine of the law of the case has most often been applied in Supreme Court decisions. See, for example, Haines Pipeline Construction v. Montana Power Co. (1994), 265 Mont. 282, 876 P.2d 632; In re Marriage of Becker (1992), 255 Mont. 357, 842

4

P.2d 332; <u>Zimmerman</u>, 573 P.2d 174. But we have also held that the law of the case is equally applicable to prior rulings of a trial court in the same case. State v. Carden (1976), 170 Mont. 437, 439, 555 P.2d 738, 739 (citations omitted). Such is the situation in the case at bar. The CSED was presented with an appealable order which it chose not to appeal. In the absence of an appeal, that order became the law of this case.

The CSED, however, argues that the law of the case doctrine should not apply because the 1995 order of the District Court was open to interpretation. It claims that it believed the order only mandated that it reevaluate the fairness of the method used, not that it employ a different method entirely. Since the order could be interpreted two ways, the CSED argues that the order was ambiguous and, therefore, cannot constitute the law of the case.

We have reviewed the order in question and can discover no ambiguity. The District Court stated:

> [w]hile it is true that CSED subtracts from his gross income the amount [Severns] pays in child support for his other child, in setting the child support obligation for each child, CSED acts as if he has only one child. <u>This method of calculation is not reflective of [Severns'] individual situation</u>. . . . In determining his support obligation, the agency cannot legally ignore the fact that he has two, not one child to support by calculating each of his two obligations as if he only had one. . . . <u>Therefore, the Court remands the case to the agency for a recalculation of [Severns'] child support obligation</u>, taking into consideration the fact, as required by § 40-4-208, MCA, and § 40-6-216(5), MCA, that he is obliged to support not one, but two children.

(Emphasis added.) This order clearly does not contemplate a recalculation using the same methodology the District Court concluded was, in this case, erroneous. Rather, it mandates a

5

recalculation using another, more equitable formula. The order in question set out the law as determined by the District Court. Since the CSED did not appeal that judicial determination, the 1995 order of the District Court was and is the law of this case.

It is not the function of the CSED to determine whether the pronouncements of the District Court are correct or not; that is the function of this Court. If the CSED is presented with a decision with which it disagrees, it may choose to follow it or it may choose to appeal it. It may not, however, choose to ignore it.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6