No. 96-559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

DANIEL BARNHART,

       Defendant and Appellant.


APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Robert P. Goff, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

            Jeffrey T. Renz and Matt Putzier, Jr., Montana Defender
            Project, University of Montana School of Law, Missoula,
            Montana

       For Respondent:

            Hon. Joseph P. Mazurek, Attorney General
            Elizabeth Griffing, Ass't Attorney General, Helena, Montana

            Brant Light, Cascade County Attorney, Great Falls, Montana


                    Submitted on Briefs: June 12, 1997

                       Decided:   July 23, 1997

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Daniel Barnhart (Barnhart), appeals from the Eighth Judicial District Courtþs order sentencing him to twenty years in the Montana State Prison.  We reverse and remand for resentencing.

The following issue is raised on appeal:

May a sentencing court bypass the sexual offender evaluation requirement of  46-18-111(1), MCA, based upon an assumption that the defendant will not cooperate in the evaluation or will not benefit from treatment?

In August of 1995, Barnhart was charged with sexual assault, a felony, in violation of  45-5-502(1), and  45-5-502(3), MCA.  Barnhart pled guilty to the charge and the District Court ordered a sexual offender evaluation to be completed.  Barnhart attended the first of three evaluation sessions scheduled with Dr. Ron Silvers.  Prior to his second scheduled session, Barnhart filed a motion to withdraw his guilty plea based on his belief that the prosecutor had coerced him into pleading guilty by threatening to seek a persistent felony offender designation if he pled not guilty.  Barnhart then declined to further cooperate in the sexual offender evaluation sessions pending a hearing on his motion to withdraw his plea of guilty.

The District Court denied Barnhartþs motion to withdraw his guilty plea and, despite the fact that an evaluation had not been completed, a sentencing date was scheduled.  At sentencing, Barnhart objected to the District Courtþs decision to impose sentence without the benefit of a sexual offender evaluation and a recommendation for treatment.  The District Court overruled Barnhartþs objections and imposed a twenty-year sentence.  Barnhart appeals this twenty-year sentence.

In State v. Alexander (1994), 265 Mont. 192, 875 P.2d 345, we held that a district courtþs consideration of a completed presentence report prior to sentencing is not discretionary.  Alexander, 875 P.2d at 352.  Under  46-18-111(1), MCA, a defendant convicted of violating  45-5-502, MCA, where the victim is under 16 years of age, must be evaluated and a recommendation as to treatment must be included in the defendantþs presentence investigation.  Specifically,  46-18-111(1), MCA, provides:

(1)  Upon the acceptance of a plea or upon a verdict or finding of guilty to one or more felony offenses, the district court shall direct the probation officer to make a presentence investigation and report.  The district court shall consider the presentence investigation report prior to sentencing. If the defendant was convicted of an offense under 45-5-502, 45-5-503, 45-5-504, 45-5-505, 45-5-507, or 45-5-625 involving a victim who was less than 16 years of age when the offense was committed, the investigation must include an evaluation of the defendant and a recommendation as to

treatment of the offender in the least restrictive environment, considering
community safety and offender needs.  The evaluation must be completed
by a person who is determined to be qualified under guidelines established
by the department of corrections. All costs related to the evaluation must
be paid by the defendant.  If the defendant is determined by the district
court to be indigent, all costs related to the evaluation are the responsibility
of the district court and must be paid by the county or the state, or both,
under Title 3, chapter 5, part 9.

Here, as in Alexander, the defendant was convicted of sexual assault of a victim under 16 years of age.  In Alexander, this Court explained that the legislature amended subsection (1) of  46-18-111, MCA, so as to mandate an evaluation and a recommendation as to treatment in the least restrictive environment in light of community safety and offender needs.  Alexander, 875 P.2d at 351.  In addition, we explained that the wording of the 1991 statute expressly requires that a district court þshall direct the probation officer to make a presentence evaluation and reportþ and that the þinvestigation must include an evaluation of the defendant and a recommendation as to treatment by a qualified person . . . .þ  Alexander, 875 P.2d at 351.

In the instant case, the District Court sentenced Barnhart before it had the benefit of Dr. Silversþ evaluation.  The State contends that an evaluation would have made no difference because Barnhart, with his history of prior sex offenses, would not have qualified for community treatment in any event.  In stating, þI donþt know if there is hope for [Barnhart] in treatment,þ the District Judge apparently shared this sentiment.

Although Barnhart refused to participate in scheduled evaluations, his refusal was based on the pendency of his motion to change his plea.  Barnhartþs desire to avoid making any statements or admissions prior to a ruling on his motion to withdraw his plea should not have been construed either as a ploy to forestall sentencing or as a lack of amenability to future treatment.  The statute mandates an evaluation.  There is no leeway for the court to make any assumptions as to whether the defendant will cooperate in an evaluation or whether he will be amenable to treatment.

Section 46-18-111(1), MCA, is clear on its face.  Before a defendant convicted of violating  45-5-502, MCA, may be sentenced, the district court must order and consider an evaluation of the defendant and a recommendation as to treatment.  The District Courtþs decision to sentence Barnhart without the benefit of the requisite evaluation constitutes reversible error.  Accordingly, we reverse the sentence and remand to the District Court for resentencing consistent with the requirements set forth under 46-18-111(1), MCA.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  KARLA M. GRAY