No. 99-090

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 143

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PHILLIP CARL WATSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ann C. German, Attorney at Law, Libby, Montana

For Respondent:

Hon. Mike McGrath, Attorney General;

Jim Wheelis, Assistant Attorney General, Helena, Montana

Bernard G. Cassidy, Lincoln County Attorney, Libby, Montana

Submitted on Briefs: May 3, 2001
Decided: August 3, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Appellant, Phillip Carl Watson, plead guilty to assault on a peace officer, a felony in violation of § 45-5-210, MCA, in the District Court for the Nineteenth Judicial District in Lincoln County. Following two evidentiary hearings, the District Court sentenced Watson to 50 years in the Montana State Prison, with 40 years suspended. The District Court conditioned Watson's parole during the suspended portion of his sentence by ordering him not to socialize with females under the age of 19. Watson objected to the condition on the grounds that it bore no rational relationship to a conviction for assault on a peace officer. The District Court denied Watson's objection. Watson now appeals from the District Court's order which denied his objection and requests that the condition be stricken from his sentence. We reverse the District Court's sentencing condition.

¶2 The following issue is presented on appeal:

¶3 Did the District Court err when it denied Watson's objection to sentence and request for reconsideration?

FACTUAL BACKGROUND

¶4 While incarcerated in the Lincoln County Detention Facility awaiting a probation revocation hearing on an unrelated offense, Phillip Watson threw a metal plate "frisbee style" at a deputy who had entered his cell. Initially charged with assault, a felony pursuant to § 45-5-202, MCA and criminal mischief, a misdemeanor pursuant to § 45-6-101, MCA, Watson was later charged by Amended Information with assault on a peace officer, a felony in violation of § 45-5-210, MCA and criminal mischief on October 23, 1997.

¶5 On June 23, 1998, the parties filed a plea agreement in which Watson agreed to plead guilty to the charge of assault on a peace officer. In exchange, the State agreed to move to dismiss the alternative charge of attempted assault on a peace officer, the misdemeanor

charge of criminal mischief, and a charge of assault on a peace officer stemming from a separate incident. On July 1, 1998, Watson plead guilty to one count of assault on a peace officer pursuant to the terms of the plea agreement.

¶6 The District Court conducted evidentiary hearings concerning Watson's sentence on November 25, 1998, and December 11, 1998. The District Court found that Watson was a persistent felony offender pursuant to § 46-18-501, MCA and, utilizing the sentencing guidelines set forth in § 46-18-502(1), MCA, sentenced him to 50 years in the Montana State Prison with 40 years suspended. In addition, the District Court outlined the terms and conditions of probation. Among those conditions was the restriction at issue on appeal:

> The Defendant shall not socialize with any female under the age of nineteen (19) except when in counseling or in other professional settings. The Defendant shall not call or write any females under the age of nineteen (19).

¶7 On December 17, 1998, following the oral pronouncement of the sentence but before the sentence had been reduced to writing and signed by the District Court, Watson objected to the restriction in a pleading entitled Objection to Sentence and Request for Reconsideration. Watson argued that there was no rational basis for the condition because it bore no relation to the charged offense. The State opposed Watson's objection on December 18, 1998.

¶8 On January 5, 1999, the District Court issued an order denying Watson's objection to the sentencing provision and request for reconsideration. Although the District Court recognized that none of Watson's crimes were committed against young females, it concluded that "it is only a matter of time before a young girl is victimized by Mr. Watson, or the parents of a young girl believe their daughter has been victimized by Mr. Watson." On the same day, the District Court signed the Sentence and Judgment which included the condition of sentence now at issue.

¶9 Watson appeals from his sentence, contending that the District Court abused its discretion in imposing the above condition because it is not related to his assault on a peace officer conviction. We reverse the judgment of the District Court to the extent that it imposes a restriction on Watson's contact with females under the age of 19 as a condition of sentence. The remainder of the judgment and sentence is affirmed.

## DISCUSSION

¶10 Did the District Court err when it denied Watson's objection to sentence and request for reconsideration?

¶11 We review a criminal sentence to determine whether the sentence is legal and whether the district court abused its discretion when it sentenced the defendant. *State v. Ommundson*, 1999 MT 16, ¶ 2, 293 Mont. 133, ¶ 2, 974 P.2d 620, ¶ 2.

¶12 Watson contends that the District Court abused its discretion when it restricted his contact with females under the age of 19 as a condition of sentence. He argues that there must be a correlation between the crime for which the defendant was convicted and the condition imposed.

¶13 Sections 46-18-201 and -202, MCA, allow for the imposition of sentencing restrictions or conditions that are "reasonable," § 46-18-201(1)(b), MCA (1997), and that the court considers necessary "to obtain the objectives of rehabilitation and the protection of the victim and society," § 46-18-202(1), MCA. We have previously addressed the effect of these statutory provisions as they relate to a district court's authority to impose conditions of sentence in *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620. The defendant in *Ommundson* was convicted of driving under the influence of alcohol. The District Court required the defendant to complete a sex offender program as a condition of sentence. Citing our decisions in *State v. Black* (1990), 245 Mont. 39, 798 P.2d 530, and *State v. Sullivan* (1982), 197 Mont. 395, 642 P.2d 1008, we held that in order to be "reasonably related to the objectives of rehabilitation and protection of the victim and society," a sentencing limitation must have some correlation or connection to the underlying offense for which the defendant is being sentenced. *Ommundson*, ¶ 11. Moreover, we held that "rehabilitation" and "protection of the victim and society" referenced in the sentencing statute must be read in the context of the charged offense. *Ommundson*, ¶ 11.

¶14 The State argues that the restriction on Watson's interaction with underage females was reasonable because it protected a vulnerable segment of society and urges us to construe *Ommundson* broadly so as not to unduly restrict a sentencing court's authority. As in *Ommundson*, however, we cannot find any logical nexus between the sentencing condition and the offense for which the defendant was convicted. Therefore, we conclude that the District Court abused its discretion when it restricted Watson's interaction with females under the age of 19.

¶15 Even if we accept the State's argument that Watson has demonstrated a tendency for violent outbursts, there is no rational connection between that proclivity and the need to protect young girls. Watson's crime did not involve young girls. He has never been charged with any offense were the victim was a young girl. While the District Court may be sincere in its belief that Watson will sooner or later victimize a young girl, such speculation does not provide a legal basis for imposing sentencing conditions pursuant to §§ 46-18-201 and -202, MCA. Accordingly, we reverse that part of Watson's sentence which limited Watson's contact with females under the age of 19.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER