No. DA 06-0032

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 296N

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

DANIEL MARK BARNHART,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDC-95-340,
The Honorable Kenneth R. Neill, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

          Meghan Lulf Sutton, Attorney at Law, Great Falls, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
General, Helena, Montana

          Brant S. Light, County Attorney, Great Falls, Montana

_____

Submitted on Briefs:  October 25, 2006

Decided:  November 14, 2006

Filed:

_____
                   Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Daniel Barnhart (Barnhart) appeals from the District Court's Order for the Eighth Judicial District, Cascade County, denying Barnhart's motion to dismiss the petition to revoke his suspended sentence. We affirm.

¶3     The State charged Barnhart with felony sexual assault against a seven-year-old girl on August 11, 1995. Barnhart entered a plea of guilty pursuant to a plea agreement on February 13, 1996. The District Court sentenced Barnhart on May 31, 1996, to twenty years at the Montana State Prison, with five years suspended. This Court reversed Barnhart's sentence on July 23, 1997, and remanded the case to the District Court for re-sentencing. *State v. Barnhart*, 283 Mont. 518, 942 P.2d 718 (1997).

¶4     On remand, the District Court sentenced Barnhart to a term of twenty years at Montana State Prison (MSP), with eight years suspended. The court ordered that Barnhart would not be eligible for parole until he had completed Phases I and II of the state prison's sex offender treatment program. The District Court further ordered that Barnhart be subject to several conditions during any period of suspension, including the

2

requirements that he obtain a sex offender evaluation, follow all recommendations of the evaluator, and enroll in sex offender treatment at the Montana State Prison.

¶5    The State filed a petition on January 31, 2005, to revoke Barnhart's suspended sentence based upon a report of violation filed by Barnhart's probation officer. The report alleged that the Department of Correction had terminated Barnhart from Phase II of the Montana State Prison's sex offender treatment program for his failure to comply with his treatment plan. The report further alleged that Barnhart had discharged his sentence from MSP on October 3, 2001, without completing Phase II. The report continued that Barnhart had been transferred to Wyoming to serve a sentence there and that he did not undergo any extensive sex offender treatment within the Wyoming prison system. The report stated that Barnhart was scheduled to discharge his Wyoming sentence on March 5, 2005. The District Court issued a warrant for Barnhart's arrest.

¶6    The State arrested Barnhart upon his discharge from Wyoming State Prison and transported him to the Cascade County Detention Center. Barnhart, proceeding pro se, filed a motion to dismiss the petition for revocation on March 30, 2005, arguing that the completion of Phase II of the sex offender treatment program was a condition of his eligibility for parole and not a condition of his suspended sentence, and thus his failure to complete Phase II could not serve as the basis for revoking his suspended sentence. The District Court denied consideration of Barnhart's pro se motion based on the fact that Barnhart was represented by counsel at that time.

¶7    Barnhart, still proceeding pro se, then filed a petition for writ of habeas corpus in this Court on April 5, 2005. We issued an order on May 11, 2005, denying Barnhart's

3

petition. We based our denial first on the fact that Barnhart was represented by counsel and thus he had no right to file pro se pleadings. We further reasoned that Barnhart was properly subjected to revocation of his suspended sentence based on his failure to complete a sex offender treatment program while incarcerated even though the requirement of sex offender treatment had been imposed as a condition of parole eligibility and not as a condition of probation.

¶8 On April 18, 2005, before we had issued our order denying Barnhart's petition for writ of habeas corpus, Barnhart, now through counsel, filed another motion in District Court to dismiss the petition for revocation of his suspended sentence. This new motion argued that completing Phase II was a condition of Barnhart's parole eligibility and not a condition of his suspended sentence. Barnhart stipulated that he had not completed Phase II of the sex offender treatment program. The District Court denied Barnhart's motion and he appealed.

¶9 Barnhart argues on appeal that the District Court abused its discretion when it denied his motion to dismiss and predicated the revocation of his suspended sentence upon the violation of the condition of parole eligibility and not upon a condition of his suspended sentence. The State counters that the District Court properly analyzed the completion of the sex offender treatment program as a condition of Barnhart's suspended sentence, and not as a condition of his parole eligibility.

¶10 We generally review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. *State v. Nelson*, 1998

4

MT 227, ¶ 16, 291 Mont. 15, ¶ 16, 966 P.2d 133, ¶ 16. Where the issue is whether a court followed statutory requirements applicable to revocation of a suspended sentence, the question raised is a matter of law, and our review is plenary. *Nelson*, ¶ 16.

¶11 Barnhart discharged from MSP without having fulfilled all the conditions imposed at sentencing, including the completion of Phases I and II of the sex offender treatment program. A district court may impose restrictions, conditions, and limitations reasonably related to the objectives of rehabilitation and the protection of society. *See* §§ 46-18-101, 46-18-202, MCA; *State v. Black*, 245 Mont. 39, 46-47, 798 P.2d 530, 534-35 (1990). In fact, the State may revoke a suspended sentence before a defendant actually begins serving the suspended sentence. *State v. Sullivan*, 197 Mont. 395, 642 P.2d 1008 (1982).

¶12 Section 46-18-203, MCA, sets forth the statutory criteria for revocation of suspended or deferred sentences. The State must prove by a preponderance of the evidence that a defendant has violated the terms and conditions of a suspended sentence. Section 46-18-203(6), MCA. Here, Barnhart stipulated that he had not completed Phase II of the sex offender treatment program. Barnhart's stipulation contrasts with the situation in *Nelson*, where the district court made no finding that the defendant had violated the terms and conditions of his suspended sentence. Thus, the State satisfied its burden that Barnhart had violated the terms and conditions of a suspended sentence.

¶13 Section 46-18-203, MCA, further provides in pertinent part that if the court finds that the defendant has violated the terms and conditions of a suspended sentence, the court has three options, including revoking the suspended sentence. Section 46-18-203(7)(a), MCA. The District Court did not abuse its discretion in determining that

5

Barnhart had to complete the sex offender treatment program as it relates both to his need for rehabilitation and to society's need for protection. The court possessed authority to revoke Barnhart's suspended sentence because he failed to complete the sex offender program while he was incarcerated at MSP. Section 46-18-203(7)(a), MCA.

¶14 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules providing for memorandum opinions. It is manifest on the face of the briefs and record before us that Barnhart's appeal lacks merit. Settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶15 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER