DA 08-0532

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 301N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PHILLIP CARL WATSON,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Nineteenth Judicial District, In and For the County of Lincoln, Cause No. DC 97-52 Honorable Michael C. Prezeau, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Robin Meguire; Attorney at Law, Great Falls, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant Attorney General, Helena, Montana

          Bernie Cassidy, Lincoln County Attorney; Robert Slomski, Deputy Lincoln County Attorney, Libby, Montana

Submitted on Briefs: August 5, 2009

Decided: September 10, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Philip Carl Watson appeals from the September 9, 2008, Judgment and Sentence of the District Court of the Nineteenth Judicial District, Lincoln County, revoking his probation on a 1998 conviction for felony assault on a peace officer, and sentencing him to a term of forty years. We affirm.

¶3 In 1998 Watson pled guilty to felony assault on a peace officer in Lincoln County. The District Court designated Watson a persistent felony offender and imposed a sentence of 50 years with 40 years suspended, along with conditions of probation to be followed upon his release from prison. *See State v. Watson*, 2001 MT 143, 306 Mont. 33, 29 P.3d 1026. Watson was released from the Montana State Prison in November, 2006 and was paroled to Georgia. The conditions of his Montana probation required him to comply with all laws and to waive extradition to Montana.

¶4 The following February, Watson was arrested in Georgia and charged with three misdemeanors and one count of child molestation, a felony. On May 9, 2008, Watson pled guilty to the three misdemeanor counts (electronically sending to children obscene

2

images of women engaged in intercourse with animals) and was sentenced to a term of 36 months with 22 months suspended and credit for 14 months served. A condition of his plea agreement was that he leave Georgia and not return for five years. Georgia authorities deferred prosecution on the fourth charge of felony child molestation. In Montana, the State commenced proceedings to revoke Watson's probation based upon the Georgia offenses. Officers traveled from Montana to Georgia, arrested Watson pursuant to a warrant, and brought him back to face the probation revocation proceeding. That proceeding resulted in the sentence that is the subject of this appeal.

¶5 Watson argues that the Montana District Court lacked jurisdiction to revoke his probation. He contends that the court lacked jurisdiction over him because his arrest in Georgia and transport to Montana were unlawful. Once in Montana, Watson had two hearings in the District Court: an initial appearance in which he denied the allegations of the petition to revoke, and a subsequent hearing on the merits of the petition. Watson did not raise the issue of personal jurisdiction at either proceeding, and so it is waived. *El Dorado Heights Homeowners Assoc. v. Dewitt*, 2008 MT 199, ¶ 16, 344 Mont. 77, 186 P.3d 1249. Even if this issue had been raised below, the power of a jurisdiction to impose criminal sanctions is not impaired because the initial arrest was illegal. *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S. Ct. 509, 511-12 (1952). Similarly, in Montana the remedy for an unlawful arrest is not dismissal of the charges. *State v. McKee*, 1998 MT 110, ¶ 27, 288 Mont. 454, 958 P.2d 700. Watson has not raised sufficient grounds to affect the power of the District Court to revoke his probation.

¶6 Watson also argues that even if the District Court had jurisdiction, the record was insufficient to revoke his probation. A district court considering a probation revocation must only be "satisfied that the conduct of the probationer is not what he agreed it would be when he was given liberty." *State v. Caekaert*, 1999 MT 147, ¶ 7, 295 Mont. 42, 983 P.2d 332. Violation of a single condition is sufficient to revoke probation, *State v. Gillingham,* 2008 MT 38, ¶ 28, 341 Mont. 325, 176 P.3d 1075, and the district court exercises its discretion to determine the appropriate action to take in response to a violation. *State v. Burke*, 2005 MT 250, ¶ 11, 329 Mont. 1, 122 P.3d 427.

¶7 Watson was convicted and sentenced in Georgia upon his guilty pleas to three offenses in which he electronically sent obscene images to minors. These acts, which incidentally were predicted by the sentencing court in 1998, violated an express condition of his probation that he not violate the laws of any state. The State of Montana proved the Georgia convictions at the hearing on the merits of the petition to revoke. Watson argues that his Georgia convictions were not final because he had filed a motion to withdraw his guilty pleas. That motion, which was not ruled upon in Georgia, did not alter the fact that his convictions in Georgia were final. He pled guilty in open court and was sentenced. Watson does not deny that he pled guilty to these crimes. That alone establishes, by the required preponderance of the evidence, that he violated the conditions of his probation. Section 46-18-203(6), MCA; *Caekaert,* ¶ 7. Watson violated the conditions of his probation and was therefore subject to having his probation revoked on the prior conviction. The District Court properly exercised its discretion when it did so.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  The issues are clearly controlled by settled Montana law.

¶9    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER