No. 97-639

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 159

IN THE MATTER OF A.E.,

A Youth In Need Of Care.

APPEAL FROM: District Court of the Twenty-First Judicial District,

In and for the County of Ravalli,

Honorable Jeffrey H. Langton, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Teresa Ann Scriber, pro se, Stevensville, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Mark W.

Mattioli, Assistant Attorney General, Helena, Montana

George H. Corn, County Attorney, Hamilton, Montana

Michael L. Hayes, Recht, Hays and Hayes, Hamilton, Montana

Submitted on Briefs: May 5, 1998

Decided: June 23, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1 Teresa Scriber appeals from a decision of the Twenty-First Judicial District Court, Ravalli County, granting the Montana Department of Public Health and Human Services a ninety-day extension of its temporary legal custody of her daughter, A.E. In a separate child custody action between Scriber and A.E.'s father, custody of A.E. was transferred to A.E.'s father. That decision was not appealed. The proceedings herein were subsequently dismissed. Because we conclude this matter is now moot, we dismiss this appeal.**

**¶2 Scriber states the issue as whether the court's order granting an extension of the Department's legal custody of A.E. violated her right to have and raise her child.**

**¶3 When these proceedings began, Scriber and A.E.'s father were divorced and Scriber had physical custody of nine-year-old A.E. and her twelve-year-old brother. In November 1996, Scriber reported to the Department that A.E.'s brother had sexually abused A.E. The Department's investigation confirmed that A.E.'s brother had forcefully sexually molested her on multiple occasions while both children were in Scriber's custody, and that when A.E. had told Scriber about the incidents,**

Scriber accused A.E. of lying and sent her to her room.

¶4 The Department obtained temporary investigative authority (TIA), which included the authority to require that A.E. and her family obtain counseling. Scriber refused to participate in family counseling and threatened to remove A.E. from the court's jurisdiction. The court thereafter declared A.E. a youth in need of care and placed her temporary physical custody with her father, who lived in Idaho.

¶5 While these proceedings were pending, A.E.'s father filed an independent motion to modify the provisions of the decree dissolving his and Scriber's marriage. Under that decree, Scriber had primary physical custody of A.E. Scriber appeared pro se in the modification action, as in this action, despite the court's advice that she seek legal counsel.

¶6 Meanwhile, the court held a hearing on the Department's request for a ninety-day extension of its TIA. At the end of the hearing, the court orally granted the request for an extension of TIA based upon the evidence presented, including the evidence that Scriber had been uncooperative with family counseling. Scriber immediately filed a notice of appeal which, pursuant to Rule 5(a)(2), M.R.App.P., was treated as filed on the date the written judgment was entered, September 18, 1997.

¶7 In the action by A.E.'s father to modify the decree of dissolution, the court awarded sole custody of A.E. to her father. Scriber did not appeal.

¶8After the custody modification order was entered, the Department moved to dismiss its petition for TIA and to vacate the court's order granting it extended temporary legal custody of A.E. The motion to dismiss was granted and the order giving temporary custody to the Department was vacated on November 14, 1997.

## DISCUSSION

¶9 A legal question is moot when it no longer presents a justiciable controversy because the issues have become academic or dead or because any action the court may take will have no effect on the situation of the parties. Air Pollution Control v. Bd. of Env. Rev. (1997), 282 Mont. 255, 264, 937 P.2d 463, 469. In other words, a question is moot when the court can no longer grant effective relief.

**¶10 Here, the validity of the Department's TIA and temporary legal custody of A.E. is a moot question because the Department no longer possesses such authority over and custody of A.E. In the absence of an ongoing, concrete controversy, the court cannot grant effective relief. Furthermore, this Court cannot fashion the remedy which Scriber seeks (return to her of legal and physical custody of A.E.), because Scriber did not appeal the court's order in the custody modification proceeding.**

**¶11 Because this appeal of the order extending the Department's TIA and temporary legal custody of A.E. is moot, the appeal is dismissed.**

/S/ J. A. TURNAGE

We concur:

 /S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER