DA 07-0717

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 269

IN THE MATTER OF

J.A.S. and E.R.S.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DN 05-047B and DN 05-048B
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Hon. Mike McGrath, Attorney General; Tammy K. Plubell, Assistant Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney; Katie F. Shulz, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs: May 14, 2008

Decided: August 4, 2008

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     The father (E.S.) of the youths, J.A.S. and E.R.S., appeals from an order of the Eleventh Judicial District Court, Flathead County, granting the motion of the Department of Public Health and Human Services (DPHHS) to dismiss this proceeding and to place the children with their mother, (A.S.).

¶2     The issues raised in this appeal are: (a) whether the District Court violated E.S.'s due process rights by dismissing this action without providing a contested hearing and; (b) whether the order of the District Court granting DPHHS's motion to dismiss and place the children with their mother must be reversed because the children were initially placed in California in violation of the Interstate Compact for the Placement of Children (ICPC).  For the reasons that follow, we dismiss this appeal as moot.

¶3     A.S. and E.S. are the birth mother and father respectively of J.A.S. and E.R.S.  The children were in the custody of E.S. pursuant to a final parenting plan ordered by the District Court of the Fourth Judicial District, Missoula County, Cause No. DR-02-322, dated August 15, 2002, and filed September 3, 2002.  On August 9, 2005, A.S. filed a motion to amend the final parenting plan in Missoula County, Cause No. DR-02-322.  The District Court entered an order that E.S. respond to the petition.

¶4     At the commencement of this proceeding the children were living with E.S. at a shelter in Kalispell.  On November 14, 2005, E.S. was arrested at the shelter and DPHHS took emergency custody of J.A.S. and E.R.S.  DPHHS filed a petition for Emergency Protective Services, and Temporary Investigative Services.  The petition alleged that J.A.S.

and E.R.S. were abused or neglected, or in danger of being abused or neglected. The court preliminarily granted the petition and scheduled a show cause hearing for December 2, 2005, and eventually granted the petitions for Emergency Protective Services and Temporary Investigative Services.

¶5 Having been advised of the pendency of this action, on February 2, 2006, the Missoula County District Court suspended the proceedings in that Court, ordered that when this matter was resolved it would revisit A.S.'s motion to amend the parenting plan, and so advised the Flathead County District Court and the parents.

¶6 On February 10, 2006, DPHHS filed a petition for temporary legal custody and adjudication of the children as youths in need of care. On February 24, 2006, both parents stipulated that the children were youths in need of care and neither objected to granting temporary legal custody to DPHHS for six months. On March 4, 2006, E.S. signed a treatment plan that the District Court approved on May 5, 2006.

¶7 On July 27, 2006, DPHHS filed a petition to extend its temporary legal custody of the children. DPHHS had also previously requested completion of an ICPC home study of A.S. in California. At that time, the Montana social worker received oral advice from her counterpart in California that the process of approving A.S. under the ICPC was nearing completion. E.S. had been given notice that DPHHS was seeking to place the children with their mother in California under the ICPC, and he made no objection. DPHHS then received an oral notice from California authorities that A.S. had been approved as a placement option,

3

and the children went to California with their foster mother where they were reunited with A.S.

¶8 On December 12, 2006, DPHHS filed a petition for approval of a permanency plan pursuant to § 41-3-445, MCA. E.S. objected to the permanency plan, requested a contested hearing, and argued that the court should dismiss this case and return the children to his custody. Then, on February 16, 2007, E.S. and A.S. agreed by stipulation to an amended permanency plan. The stipulated permanency plan provided that the children would remain in California until they could eventually be placed permanently with either E.S. or A.S., depending on E.S. successfully completing his treatment plan, or A.S. maintaining stability and meeting the children's best interests.

¶9 On April 10, 2007, E.S. filed a motion to compel cooperation and reunification efforts from DPHHS. This motion alleged violations of E.S.'s constitutional rights to due process and to equal protection of the law. In this petition, for the first time, E.S. claimed that DPHHS had not followed the requirements of the ICPC because the children were placed in California before written approval had been received. By this time the children had been in California for 9 months with E.S.'s knowledge and consent.

¶10 Hearings on DPHHS's and E.S's motions were scheduled, postponed, and then rescheduled several times. On September 20, 2007, pursuant to §§ 41-3-442(4)(e) and 41-3-438(3)(b), MCA (2005), DPHHS petitioned the court to dismiss this case, terminate temporary legal custody, and place the children with A.S.

4

¶11 On October 9, 2007, E.S. filed an objection to DPHHS's motion to dismiss, arguing that this action could not be dismissed as provided in § 41-3-424, MCA. E.S. also argued that this action could not be dismissed before the children were returned to him as the provisions of the ICPC had not been followed. DPHHS responded that all of the conditions under § 41-3-424, MCA, had been met, that dismissal was also appropriate under § 41-3-438, MCA, and that it was fully prepared to have a hearing on its motion.

¶12 On November 2, 2007, the District Court granted the petition to dismiss this action and place the children with A.S. The District Court held that under § 41-3-445(8)(b), MCA, DPHHS could place the children with a non-custodial parent, and that the conditions under § 41-3-424, MCA, were satisfied. In its order the District Court commented that there was an existing parenting action in Missoula County in which A.S. and E.S. could litigate their contentions relating to custody and visitation.

¶13 On November 29, 2007, E.S. appealed the Flathead County District Court's order dismissing this action and placing J.A.S. and E.R.S. with their mother in California.

¶14 Having been advised that the Flathead County District Court had dismissed this action, the Missoula County District Court set a scheduling conference on A.S.'s motion to amend the September 3, 2002, parenting plan, and entered an order that both E.S. and A.S. submit proposed parenting plans. Both parents appeared at the scheduling conference,[1] and a hearing date on the petition for an amended parenting plan was set for March 19, 2008. E.S. did not appear at the hearing. Witnesses were sworn and testified, and at the conclusion of

---

[1] A.S. appeared telephonically, E.S. in person.

the hearing the Missoula County District Court entered a parenting plan granting sole custody of the children to A.S., ordering that E.S. have no contact with the children, and granting him 10 days to move to set aside the parenting plan. The order was served on E.S. by mail.

¶15 E.S. has not appealed the March 19, 2008, order of the Missoula County District Court granting sole custody of J.A.S. and E.R.S. to A.S.

¶16 We determine that this appeal must be dismissed as moot because J.A.S. and E.R.S. are now in the sole custody of A.S. pursuant to a parenting plan duly ordered March 19, 2008, by the District Court of the Fourth Judicial District, Missoula County, Cause No. DR-02-322.

¶17 A legal question is moot when it no longer presents a justiciable controversy because the issues have become academic or because any action the court may take will have no effect on the situation of the parties. *Matter of A.E.*, 1998 MT 159, ¶ 9, 289 Mont. 340, ¶ 9, 961 P.2d 1265, ¶ 9. In other words, a question is moot when the court can no longer grant effective relief. *In re M.W.*, 2002 MT 126, ¶ 30, 310 Mont. 103, ¶ 30, 49 P.3d 31, ¶ 30.

¶18 In this case, the validity of the Flathead County District Court's order dismissing DPHHS's temporary custody and placing the children with A.S. is a moot question because DPHHS no longer possesses authority over custody and placement of J.A.S. and E.R.S. In the absence of an ongoing, concrete controversy, the court cannot grant effective relief. Furthermore, this Court cannot in this appeal fashion the remedy that E.S. seeks (return to him of legal and physical custody of J.A.S. and E.R.S.), because E.S. did not appeal the

6

Missoula County District Court's order in the custody modification proceeding. *See In The Matter of A.E.*, ¶ 10.

¶19    Because this appeal of the order dismissing this action and placing J.A.S and E.R.S. with A.S. is moot, the appeal is dismissed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
 /S/ JIM RICE
/S/ BRIAN MORRIS