No. 96-725

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


IN RE MATTER OF KATHLEEN J. KLOS,

A Protected Person.



APPEAL FROM:   District Court of the Fifteenth Judicial District,
                    In and for the County of Daniels,
               The Honorable David Cybulski, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Alan Freed, Jr.; Attorney at Law; Montana Advocacy
          Program, Inc.; Helena, Montana

For Respondent:

Loren J. O'Toole II; O'Toole & O'Toole;
          Plentywood, Montana




Submitted on Briefs: April 24, 1997

Decided:  August 14, 1997
Filed:


_____
                        Clerk


        Justice Jim Regnier delivered the opinion of the Court.

    By oral order entered on August 20, 1996, the Fifteenth Judicial District Court, Daniels County, granted temporary guardianship of Kathleen J. Klos to Marie Fossen and Sylvia H. Paulson.  We reverse and remand to the District Court.
    The issues on appeal are:
    1.   Is an order granting temporary guardianship pursuant to   72-5-317, MCA,

a final appealable order for review by this Court?

    2. Did the District Court's order granting temporary emergency guardianship comply with the provisions of 72-5-317, MCA?

    3. Did the District Court's order granting temporary emergency guardianship violate Kathleen Klos' procedural due process rights under the Montana Constitution?

## FACTUAL BACKGROUND

Kathleen J. Klos is a 57-year-old woman with mild retardation who has lived most of her life without the need of a guardian. One of the appellees, Sylvia Paulson, is Klos' cousin and has been her conservator since October 21, 1982. In 1992, Paulson successfully petitioned the Fifteenth Judicial District Court, Sheridan County, to seal the records of annual accountings made in the conservatorship. On November 29, 1994, after investigating charges that Paulson interfered with Klos' access and need for medication, the Department of Family Services (DFS) filed medical neglect charges against Paulson. On February 27, 1995, after further investigation and review, the DFS changed its findings from medical neglect to substantiated medical abuse against Paulson for interfering with Klos' medical needs.

Paulson and Marie Fossen, Klos' sister, petitioned the Fifteenth Judicial District Court, Daniels County, to be appointed temporary guardians of Klos pending a petition and hearing for limited permanent guardianship. Despite the findings that Paulson had committed medical neglect against Klos, the District Court awarded temporary guardianship for a six-month period to Paulson and Fossen on December 7, 1994. The temporary guardianship lapsed by statute and, although a petition for permanent guardianship was filed, no hearing on the petition for permanent guardianship was ever held.

After being contacted by a DFS caseworker with concerns about the treatment of Klos by her guardians, an attorney for the Montana Advocacy Project, a nonprofit legal services organization that represents individuals with disabilities in Montana, agreed to provide legal representation to Klos in June 1996. On August 16, 1996, appellees, Paulson and Fossen, again filed a petition for permanent guardianship of Klos in the Fifteenth Judicial District Court, Daniels County. Neither Klos nor her attorney of record were served notice of this petition. On August 20, 1996, appellees' attorney made an oral motion for temporary guardianship. The District Court verbally granted appellees' oral motion without issuing a written order or findings of fact and conclusions of law. In fact, the only record of that proceeding is a minute entry from August 20, 1996, written by the clerk of court. The minute entry, in its entirety, reads:

> Kathleen Klos, Marie Fossen and Sylvia Paulson were Present in Court along with counsel, Loren J. O'Toole II. They were duly sworn in and testified. The Court made a finding that Marie Fossen and Sylvia Harrington Paulson will be Temporary Guardians and a date will be set for full hearing. It was determined that there was no need for appointment of

visitors, appointment of Doctors, etc. as this has been already done in a previous case.

Although the attorney for appellees knew that Klos was represented by an attorney, he gave no notice of his clients' intention to seek temporary guardianship of Klos or that it had been granted.

On September 4, 1996, Klos filed a motion to set aside the order of temporary guardianship and requested a stay of execution of the order. The District Court never ruled on the motion or the request for a stay. After the sixty-day period specified in Rule 59(g), M.R.Civ.P., passed and Klos' motion was deemed denied, she filed this appeal.

ISSUE 1

Is an order granting temporary guardianship pursuant to  72-5-317, MCA, a final appealable order for review by this Court?

Appellees assert that an order awarding temporary guardianship is an interlocutory order and not a final order or judgment for the purposes of Rule 59(g), M.R.Civ.P. Appellees contend that Rule 1(b)(3), M.R.App.P., only contemplates an appeal from a judgment or an order granting or refusing to grant a guardianship. They rely on Rule 1(b)(3), M.R.App.P., for the proposition that an appeal to this Court cannot be based on an order granting temporary guardianship, which they characterize as an interlocutory order.

Klos counters that the order granting temporary guardianship to Fossen and Paulson and the order refusing to revoke the temporary guardianship are appealable orders under Rule 1(b)(3), M.R.App.P.  Klos argues that if the granting of a temporary guardianship is an unappealable interlocutory order, aggrieved parties would have no recourse to challenge the infringement of their personal liberty and freedom of action which necessarily results from such orders.

Rule 1(b)(3), M.R.App.P., states that in civil cases a party may appeal from, "a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship."  The rule defines an appealable order as an "order granting or refusing to grant, revoking or refusing to revoke . . . guardianship."  Rule 1(b)(3), M.R.App.P., does not differentiate between a permanent guardianship and a temporary guardianship. Thus, a district court order granting either a permanent or a temporary guardianship is appealable.

Furthermore, Klos contends that a proceeding for temporary guardianship is a "special proceeding," which qualifies as an appealable final order under Rule 1(b)(1), M.R.App.P.  Rule 1(b)(1), M.R.App.P., states that:

> (b)  In civil cases a party aggrieved may appeal from a judgment or order except when expressly made final by law, in the following cases:
> (1)  From a final judgment entered in an action or special proceeding commenced in a district court, or brought into a district court

from another court or administrative body.

Section 27-1-102(2), MCA, defines a special proceeding as:

(2) An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding.

A proceeding for a temporary guardianship is a proceeding separate and apart from a permanent guardianship proceeding. In fact, it appears under its own statutory heading at 72-5-317, MCA. We therefore conclude that a temporary guardianship proceeding qualifies as a special proceeding under 27-1-102(2), MCA.

In summary we hold that a district court's order granting temporary guardianship under 72-5-317, MCA, is a final order that is appealable under Rule 1(b)(3), M.R.App.P. We also hold that a proceeding for temporary guardianship is a special proceeding as defined in 27-1-102(2), MCA, and appealable under Rule 1(b)(1), M.R.App.P. Thus, the District Court's oral order granting temporary guardianship of Klos to Fossen and Paulson is an appealable final order, reviewable by this Court.

Appellees argue that Klos failed to comply with Rule 9, M.R.App.P., by not providing this Court with a transcript of the testimony from the August 20, 1996, hearing. Moreover, appellees contend that Klos failed to give notice that the transcript would not be provided pursuant to Rule 9(b), M.R.App.P. Under Rule 9(b), M.R.App.P., if the appellant determines that the entire transcript is not necessary, the appellant must notify the respondent of the parts of the transcript which the appellant determines to be unnecessary, along with a statement of issues which appellant intends to present on appeal.

We are not persuaded by appellees' argument. As Klos points out, no transcript has been filed with this Court because there was no record made of the proceeding held on August 20, 1996. The only evidence of that proceeding is the minute entry made by the District Court's clerk of court. Furthermore, Klos notified the Clerk of the Supreme Court by letter that no transcript was made of this proceeding and, thus, none would be filed with the appeal. This Court concludes that Klos has substantially complied with the requirements of Rule 9, M.R.App.P., in her attempt to provide a record for her appeal.

We further observe that the temporary guardianship at issue here expired by operation of law on February 20, 1997. At first glance, one may question whether the expiration of the guardianship rendered the matter moot. This Court concludes, however, that this is precisely the type of matter that is capable of repetition yet evading review. See Roe v. Wade (1973), 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147; Butte-Silver Bow Local Gov't v. Olsen (1987), 228 Mont. 77, 743 P.2d 564. Here, the appellees have twice been awarded temporary guardianship of Klos for a total of one year

without

a hearing.  A temporary guardianship is limited by statute to six months. Section 72-5-317(2), MCA. Thus, any temporary guardianship being challenged likely will have lapsed

by the time appellate review can be reasonably conducted.  This Court, therefore, determines that because of the likelihood that a person put under a temporary guardianship would not be able to complete appellate review within the six-month term of temporary guardianship, and because these cases are capable of repetition, yet evade

review, an appeal of a temporary guardianship cannot be denied as moot after it has lapsed by operation of law.  See In re N.B. (1980), 190 Mont. 319, 322-23, 620 P.2d 1228, 1230-31.

ISSUE 2

Did the District Court's order granting temporary emergency guardianship comply with the provisions of    72-5-317, MCA?

Klos argues that the imposition of a temporary guardianship violated the statutory

requirements of the guardianship statutes.  First, Klos cites the failure of the District

Court to provide a written record setting forth its findings for the granting of a temporary

guardianship to Paulson and Fossen.  Second, Klos contends that she and her attorney were not served notice that a hearing would be held regarding the temporary guardianship

proceeding on August 20, 1996.

Section 72-5-317(1) and (2), MCA, provide:

Temporary guardians. (1) If an incapacitated person has no guardian and an emergency exists, the court may exercise the power of a guardian pending notice and hearing.
(2)  If an appointed guardian is not effectively performing his duties or if there is no appointed guardian and the court further finds that the welfare of the incapacitated person requires immediate action, it may, with or without notice, appoint a temporary guardian for the incapacitated person for a specified period not to exceed 6 months. The court may appoint either a full or a limited temporary guardian, depending on the needs and circumstances of the incapacitated person. The court may not invest a temporary guardian with more powers than are required by the circumstances necessitating the appointment. The order of appointment of a temporary guardian shall state whether a full or limited temporary guardianship is being created and, in the case of a limited temporary guardian, the specific powers and duties of the limited temporary guardian.

In this case, the District Court did not prepare a record in granting the temporary

guardianship. The minute entry, which serves as the "record" in this case, states that the

District Court "made a finding that Marie Fossen and Sylvia Paulson will be Temporary Guardians and a date will be set for full hearing."  The District Court entered no written

order of temporary guardianship, thus there is no finding or conclusion from the

proceeding stating whether a full or limited temporary guardianship was granted. Nothing defines the scope of the powers that the guardians may exercise in handling Klos' affairs. The failure of the District Court to make such a finding violates the plain language of 72-5-317(2), MCA, and gives this Court no guidance for review of the verbal order granting temporary guardianship over Klos.

Klos and her attorney were never served notice of the temporary guardianship proceeding. Paulson and Fossen's attorney had actual notice that Klos was represented by an attorney since February 1996. Furthermore, Klos' attorney notified Paulson and Fossen's attorney by letters written on July 22, 1996, and August 19, 1996, that he was the attorney of record for Klos and expected timely copies of any papers filed affecting the legal or civil rights of Klos. However, Klos and her attorney were never served notice of the August 20, 1996, hearing. The attorney for Fossen and Paulson sought and obtained a temporary guardianship order from the District Court ex parte without giving any notice to Klos or her attorney, either prior to or subsequent to the proceeding.

Section 72-5-317(2), MCA, does allow a district court the discretion to grant a temporary guardianship without prior notice, but this discretion is to be exercised only in emergency situations where "the court further finds that the welfare of the incapacitated person requires immediate action." In this case, if emergency circumstances did exist, the District Court never made such a finding. Without a finding of emergency circumstances, Klos and her attorney should have been properly served notice of the hearing for temporary guardianship under Rules 5(a) and 5(b), M.R.Civ.P.

This Court holds that the lack of a record and the failure to serve notice to Klos and her attorney did not comply with the statutory requirements of 72-5-317, MCA. There are no facts nor findings to indicate that an emergency existed with respect to Klos of the nature that would necessitate the appointment of temporary guardians without giving notice to Klos and her attorney.

## ISSUE 3

Did the District Court's order granting temporary emergency guardianship violate Kathleen Klos' procedural due process rights under the Montana Constitution?

Klos argues that her right to liberty has been deprived by the action of the District Court. Article 2, Section 17, of the Montana Constitution, states that "no person shall be deprived of life, liberty or property without due process of law." Under 72-5-317, MCA, a district court is permitted to grant a temporary guardianship without notice and hearing; however, the statute requires an emergency condition to exist which would make such requirements unreasonable. As stated above, no evidence of an emergency existed,

thus the normal notice requirements of 72-5-317, MCA, applied.

Although this Court has never specifically addressed due process requirements under the guardianship statute, we have often held that no one should be relieved of life, liberty, or property without notice and an opportunity to be heard. The fundamental requirements for due process are "notice and opportunity for hearing appropriate to the nature of the case." In re K.L.J.K. (1986), 224 Mont. 418, 421, 730 P.2d 1135, 1137 (citing Mullane v. Central Hanover Bank & Trust Co. (1950), 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865). In Ball v. Gee (1990), 243 Mont. 406, 411, 795 P.2d 82, 85, this Court stated:

The Fourteenth Amendment to the United States Constitution and Article II, Sec. 17, of the Montana Constitution provide that no person shall be deprived of property without due process of law. For over a century, the United States Supreme Court has consistently held that before a citizen can be deprived of property, procedural due process guarantees that person a right to be notified and a right to be heard.

In this case, Klos was not given notice and an opportunity for a hearing appropriate for a temporary guardianship proceeding pursuant to 72-5-317, MCA. First, the District Court considered an oral motion and awarded temporary guardianship of Klos to Fossen and Paulson without giving notice of the proceeding to Klos and her attorney. After the hearing, Klos' attorney filed a motion to set aside the order and requested a stay of the order; however, the District Court made no ruling on the motion and request. Klos was denied procedural due process when she and her attorney were not provided notice of the hearing, thereby precluding their opportunity to object to the proceeding. As a result, Klos' liberty interests were certainly impaired.

In conclusion, we hold that a district court's order granting a temporary guardianship under 72-5-317, MCA, is a final appealable order under Rule 1(b)(3), M.R.App.P. Furthermore, this Court holds that the lack of any findings or a record by the District Court, and the failure to serve notice to Klos and her attorney, violated Klos' rights under 72-5-317, MCA, and under Article 2, Section 17, of the Montana Constitution. In any future guardianship actions regarding Klos in the District Court, notice must be provided to her and her attorney, and a record of any proceeding should be prepared, including the District Court's findings of fact and conclusions of law. We reverse and remand to the District Court for further proceedings consistent with this opinion.

/S/ JIM REGNIER

We Concur:

/S/   J. A.   TURNAGE
/S/   JAMES C. NELSON
/S/   W. WILLIAM LEAPHART
/S/   TERRY N. TRIEWEILER