DA 07-0546

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 280

IN RE THE MATTER OF THE GUARDIANSHIP
OF M.R.O., a Minor Child,

TERESA L. BURRIS AND MARTIN DOUGLAS BURRIS,

       Petitioners and Appellees,

   and

ROBIN D. McDERMOTT,

       Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. BDG-2007-20
                Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          David B. Gallik, Attorney at Law, Helena, Montana

      For Appellees:

          Dennis G. Loveless, Attorney at Law, Helena, Montana

                        Submitted on Briefs:  July 8, 2008

                                 Decided:  August 6, 2008

Filed:

                       _____
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Appellant Robin McDermott is the mother of M.R.O. Appellees Martin D. Burris and Teresa Burris (the Burrises) are McDermott's brother and sister-in-law. The Burrises were appointed temporary guardians of M.R.O. McDermott appeals an order by the First Judicial District Court denying her motion to terminate the temporary guardianship of M.R.O.

¶2 McDermott raises three issues on appeal, which we restate as follows:

¶3 Issue 1: Did the District Court err in denying her motion to terminate the temporary guardianship of M.R.O.?

¶4 Issue 2: Did the District Court err in continuing the temporary guardianship of M.R.O. without specifying a termination date?

¶5 Issue 3: Did the District Court err in ordering that the temporary guardianship would continue until a school counselor made a recommendation that it end and in giving the counselor authority to set conditions on M.R.O.'s reunification with McDermott?

¶6 However, we conclude that the issues raised by McDermott are now moot, and this appeal must be dismissed.

¶7 M.R.O. was born in 1999. Her father is reportedly incarcerated and has never had contact with her. M.R.O.'s early life was chaotic because the family lacked stable housing and McDermott was using drugs. In February 2004, McDermott left M.R.O. with her mother, Ramona, in Indiana. No formal guardian or custody proceedings were initiated. McDermott merely left a note stating that she wanted Ramona to be M.R.O.'s guardian and her brother, Stanley, to be a secondary guardian. Later in 2004, Ramona and Stanley signed

2

letters purporting to transfer their guardianship responsibilities to the Burrises. The Burrises then took M.R.O. into their home in Montana where she has remained.

¶8 After McDermott left M.R.O., she went to Arizona, where she was involved in a parenting dispute over another child. While there, she was charged with and pled guilty to possession of drug paraphernalia and criminal impersonation. The Arizona court placed her on probation. In February 2007, McDermott was allowed to transfer her probation to Iowa.

¶9 From approximately February of 2004 until April 2007, McDermott did not visit M.R.O. or provide her any financial support. However, she did call her intermittently. While M.R.O. was withdrawn and shy in school when she began living with the Burrises, teachers and school personnel believed M.R.O. developed a positive relationship with them and became an outgoing, successful student while in their care.

¶10 On April 30, 2007, McDermott appeared at M.R.O.'s school in Lincoln and removed her. That same day, the Burrises filed a petition to be appointed as her temporary guardians. The Lewis and Clark County District Court appointed them as temporary guardians pending a hearing on the matter. Police returned M.R.O. to the Burrises.

¶11 In May 2007, M.R.O. was evaluated by a psychologist, Dr. Robert Page. Dr. Page stated that M.R.O. expressed a very positive relationship with her aunt and uncle and was afraid of her mother. M.R.O. reported that she had been having nightmares ever since her mother had taken her from school. However, she also stated that she would like to get to know her mother and visit with her under certain conditions.

¶12 McDermott opposed the Burrises' petition to be appointed M.R.O.'s guardians. Following a hearing on June 22, 2007, the District Court appointed the Burrises as M.R.O.'s temporary guardians. The District Court also ordered that M.R.O. must be reunified with her mother and that the temporary guardianship would last 60 days to allow for reunification. The order requested that Dr. Page work with M.R.O.'s school counselor, Wendy Bassinett, to facilitate M.R.O.'s reintroduction with her mother.

¶13 On August 2, 2007, McDermott moved the District Court for an order terminating the temporary guardianship as of August 22, 2007, 60 days after the June 22 order. The Burrises moved to extend the guardianship. Dr. Page also filed an updated report, concluding that M.R.O. was not ready for reunification with her mother. He stated that she was fearful of spending time with her mother and was experiencing nightmares, stomachaches, and other physical symptoms of anxiety.

¶14 The District Court did not conduct a hearing on the matter. On August 21, 2007, it issued an order extending the temporary guardianship. The District Court's order provided in part as follows:

> [T]his Court, in its June 22, 2007, Order, specifically found that McDermott's parental rights have been suspended by circumstance, and the Court feels it does have the power to continue the guardianship. . . . [T]he guardianship shall continue until further Order of this Court, or until Wendy Bassinett provides an opinion that it would be appropriate to reunite [M.R.O.] with her mother. Bassinett is hereby authorized to impose any conditions on the reunification plan that she feels appropriate.

The District Court noted there had been insufficient time to conduct a hearing on McDermott's motion and stated that any party could request a hearing to reconsider its order

4

at any time. Rather than request a hearing, McDermott filed a notice of appeal.

¶15 We review a district court's conclusions of law relating to the appointment of a guardian to determine if they are correct, and we review a district court's factual findings to determine if they are clearly erroneous. *In re D.T.N.*, 275 Mont. 480, 483, 914 P.2d 579, 580 (1996).

¶16 Section 72-5-222(1), MCA, provides that a court may appoint a guardian for a minor "if all parental rights of custody have been terminated or if parental rights have been suspended or limited by circumstances or prior court order." A temporary guardian may be appointed for a minor pursuant to § 72-5-224, MCA, which provides:

> If necessary, the court may appoint a temporary guardian with the status of an ordinary guardian of a minor, but the authority of a temporary guardian shall not last longer than 6 months.

¶17 Section 72-5-224, MCA, while limiting the authority of the temporary guardian to six months, does not prevent a court from re-appointing a temporary guardian after the initial six months, if extra time is necessary. *In re J.C.*, 2007 MT 106, ¶ 40, 337 Mont. 156, ¶ 40, 157 P.3d 1130, ¶ 40. However, the District Court order that the temporary guardianship would continue "until further Order" is contrary to § 72-5-224, MCA. The temporary guardianship of M.R.O. expired no later than February 21, 2008, six months after August 21, 2007. This conclusion is consistent with *In re Klos*, 284 Mont. 197, 943 P.2d 1277 (1997), where this Court held that a temporary guardianship of an incapacitated person terminates in six months, notwithstanding the fact that the case has been appealed. *In re Klos*, 284 Mont. at 202, 943 P.2d at 1280.

5

¶18    As the temporary guardianship has terminated by operation of law, it is not necessary to address whether the District Court erred in concluding that McDermott's parental rights were suspended by the circumstances and in appointing temporary guardians. Likewise, it is no longer necessary to address whether the District Court improperly abrogated its duties to a school counselor. The temporary guardianship has expired and with it, the counselor's purported authority.

¶19    A legal question is moot when it no longer presents a justiciable controversy because the issues have become academic or because any action the Court takes will have no effect on the parties' situation. *In re A.E.*, 1998 MT 159, ¶ 9, 289 Mont. 340, ¶ 9, 961 P.2d 1265, ¶ 9. In other words, a question is moot when the Court can no longer grant effective relief. *In re M.W.*, 2002 MT 126, ¶ 30, 310 Mont. 103, ¶ 30, 49 P.3d 31, ¶ 30. The relief sought by McDermott is the termination of the temporary guardianship of M.R.O. The temporary guardianship has terminated by operation of law. The issues raised in this appeal are now academic.

¶20    This appeal is dismissed as moot.

¶21    Pursuant to M. R. App. P. 21(2), remittitur shall issue immediately.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON