
DA 07-0705

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 115

ROBERT J. COOK,

      Petitioner and Appellant,

  v.

DIANA McCLAMMY,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADR 03-380
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert J. Cook, self-represented, Dutton, Montana

      For Appellee:

          Jeffrey S. Ferguson, Attorney at Law, Great Falls, Montana

                    Submitted on Briefs:  August 13, 2008

                            Decided:  April 7, 2009

Filed:

            _____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Robert J. Cook (Robert) has appealed from an order entered in the Eighth Judicial District Court changing a parenting plan for his daughter, M.O.C., whereby her mother, Diana J. McClammy (Diana), would be the primary residential parent and which also ordered that he pay child support commencing December 1, 2006. We conclude that the appeal of the parenting plan is moot and reverse the child support order entered by the District Court.

¶2 A decree dissolving the marriage of these parties and establishing a parenting plan was entered February 4, 2004, in the Eighth Judicial District Court, Cascade County. Under the terms of the decree, the parties' two minor children, C.J.C. and M.O.C., were placed in the primary custody of Robert. Neither party was required to pay any child support at that time. C.J.C. reached the age of majority before the issues presented herein arose.

¶3 The children remained in Robert's legal custody. However, as time went on, M.O.C. began having more contact with Diana. After a misunderstanding with Robert in the fall of 2006, M.O.C. began living with Diana, and stopped returning Robert's phone calls.

¶4 In July of 2007, Robert was served with documents from the Child Support Enforcement Division (CSED) indicating Diana was receiving assistance from CSED, and it sought reimbursement from Robert. In September of 2007, after an administrative hearing, Robert's child support obligation for M.O.C. was established at $391.00 per month. The record does not indicate that CSED, or anyone else, moved pursuant to § 40-5-277(8), MCA, for approval of the order modifying the District Court's February 4, 2004, decree.

2

¶5     In October of 2007, Robert initiated this case by filing a motion in District Court praying for an order that M.O.C. be returned to his physical custody, for an order to show cause why Diana should not be held in contempt for failure to comply with the District Court's prior orders, and for custodial interference. Robert further prayed for an order that CSED cease any proceedings and terminate any child support orders it had issued.

¶6     CSED was not made a party to this proceeding and was not served with Robert's motion. Diana responded to Robert's motion to require that M.O.C. be returned to his custody. However, at no time did she pray for child support.

¶7     Following a hearing in October of 2007, the District Court issued an order modifying the parenting plan to provide that M.O.C. would primarily reside with Diana, and that Robert would have regular phone contact and visits. Citing § 40-4-208, MCA, the District Court also ordered that Robert pay child support commencing December 1, 2006. M.O.C. became 18 years old in April of 2008 and was scheduled to graduate from high school in the spring of 2008.

¶8     Robert appeals the District Court order amending the parenting plan. An issue is moot when the controversy causing it ceases to exist and any action this Court takes will have no effect on the situation of the parties. *In re the Guardianship of M.R.O.,* 2008 MT 280, ¶ 19, 345 Mont. 309, 190 P.3d 1109. Issues related to the modification of the parenting plan are moot because M.O.C. is now an adult.

¶9 Robert also appeals the District Court order that he pay child support to Diana commencing December 1, 2006.[1] Under the singular circumstances of this case, this order was entered in error.

¶10 The District Court Decree of February 4, 2004, which provided that Robert had no child support obligation, was in effect until it was modified by the District Court's order on November 13, 2007. Diana had not petitioned for child support. While Robert petitioned the District Court for relief from CSED's administrative order, CSED had not petitioned the District Court for approval of its order that he had a child support obligation. Section 40-4-208(1), MCA, provides that a decree may only modify support installments accruing subsequent to actual notice to a party of a motion for modification. As there had been no motion to modify child support, Robert received no notice that the decree would be modified to require him to pay child support. Section 40-4-208(1), MCA, is strictly construed. *Marriage of Widhalm*, 279 Mont. 97, 101, 926 P.2d 748, 751 (1996). The portion of the District Court's order that Robert be required to pay child support commencing December 1, 2006, must be vacated.

¶11 Remanded to the District Court with instructions to vacate that portion of its order of November 13, 2007, requiring Robert to pay child support commencing December 1, 2006.

/S/ JOHN WARNER

We Concur:

---

[1] We note that the District Court did not set the amount of Robert's child support obligation.

4

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON