DA 12-0019

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 148N

IN THE MATTER OF THE
GUARDIANSHIP OF:

R.T.,

    A Minor.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DG 10-3
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Marybeth M. Sampsel; Measure, Sampsel, Sullivan & O'Brien, P.C.,
            Kalispell, Montana

        For Appellee:

            David W. Harman, Attorney at Law, Libby, Montana

                    Submitted on Briefs:   June 6, 2012
                          Decided:   July 9, 2012

Filed:

                  _____
                               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     R.T. was born in 2009. L.T., R.T.'s natural mother (Mother), was killed in a motor vehicle accident on February 12, 2010. R.T.'s natural father, K.S. (Father), was a minor at the time of Mother's death, and temporarily staying at a half-way house. R.T.'s natural maternal grandfather, J.T. (Grandfather), petitioned for guardianship/conservatorship of R.T. on March 10, 2010. Grandfather was appointed guardian/conservator of R.T. on April 12, 2010.

¶3     On September 23, 2011, D.B., R.T.'s natural maternal grandmother (Grandmother), residing permanently in Hawaii, petitioned to be substituted as R.T.'s guardian/conservator. Grandmother claimed it was not in the best interest of R.T.'s physical health to remain exposed to second-hand cigarette and marijuana smoke within Grandfather's home. Grandmother stated that the developmental needs of R.T. were not being met as Grandfather and his wife both worked full time, leaving R.T. with babysitters. Grandmother further claimed in an affidavit that R.T. was exposed to unsanitary living conditions within the home.

¶4     On January 3, 2012, a hearing was held on Grandmother's petition. On January 4, 2012, the District Court issued its findings of fact, conclusions of law, and an order granting

2

Grandmother's petition. The District Court found, pursuant to § 72-5-234, MCA, that it was in the best interests of R.T. to have Grandmother as her guardian/conservator. The District Court found that R.T. was exposed to second-hand cigarette and marijuana smoke within Grandfather's home. Grandfather's wife testified that she and Grandfather had borrowed money from R.T.'s account[1] and would subsequently have to determine the amount to replace. Pursuant to the District Court's order, Grandmother was granted immediate custody of R.T. and her belongings, and was authorized to transport R.T. to Grandmother's residence in Hawaii. The District Court ordered Grandfather to account for and pay to Grandmother the monies remaining for the support, maintenance, and education of R.T.

¶5 Grandfather appeals, arguing the District Court erred in appointing Grandmother as R.T.'s guardian/conservator according to § 72-5-222, MCA. Grandfather argues that Father's parental rights have not been terminated or suspended by a prior court order and Father's parental rights were not limited by circumstance.

¶6 We review a district court's conclusions of law relating to the appointment of a guardian to determine if they are correct, and we review a district court's factual findings to determine if they are clearly erroneous. *In re the Guardianship of M.R.O.*, 2008 MT 280, ¶ 15, 345 Mont. 309, 190 P.3d 1109. Evidence that a parent is not fit to care for his or her child must be clear and convincing to justify depriving a parent of custody. *In re Guardianship & Conservatorship of J.C.,* 2007 MT 106, ¶ 18, 337 Mont. 156, 157 P.3d 1130.

---

[1] R.T.'s account contained settlement monies awarded to R.T. for R.T.'s support, maintenance, and education following

¶7     Section 72-5-222(1), MCA, provides "[t]he court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or if parental rights have been suspended or limited by circumstances or prior court order." Grandfather was appointed R.T.'s guardian under this Section upon the finding that "[Father's] rights are suspended by the circumstances of his temporary incapability of meeting [R.T.'s] needs."

¶8     Grandmother then petitioned under § 72-5-234, MCA, to be substituted as guardian/conservator. That section states, in relevant part, "[a]ny person interested in the welfare of a ward or the ward, if 14 years of age or older, may petition for removal of a guardian on the ground that removal would be in the best interests of the ward." Section 72-5-234(1), MCA. After notice and a hearing, the District Court "may terminate the guardianship and make any further order that may be appropriate." Section 72-5-234(2), MCA.

¶9     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules which provides for memorandum opinions. After reviewing the record, we conclude the legal issues are controlled by settled Montana law which the District Court correctly interpreted and its factual findings are not clearly erroneous. The District Court already appointed a guardian for the reason that Father's parental rights were suspended by circumstance, and the only issue in this appeal is whether the substitution of the guardian was in R.T.'s best interests. The record supports the District Court's conclusion to substitute Grandmother as R.T.'s guardian/conservator.

_____

the death of Mother.

4

¶10    Affirmed.

/S/ MICHAEL E WHEAT


We Concur:


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE