DA 13-0316

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 263N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

MICHAEL DEAN BERGMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DC-04-462
                  Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C.;
            Kalispell, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
            Attorney General; Helena, Montana

            Fred Van Valkenberg, Missoula County Attorney; Missoula, Montana

                        Submitted on Briefs:  August 27, 2014
                                   Decided:   September 30, 2014

Filed:

                          _____
                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Dean Bergman (Bergman) appeals from the judgment revoking his Accountability to Burglary sentence and resentencing him to 5 years in the Montana State Prison. We affirm.

¶3 On January 24, 2005, Bergman pled guilty to Accountability to Burglary. He was sentenced to 10 years in the Montana State Prison, with five years suspended. By February 2012, Bergman was serving the suspended portion of his sentence, subject to conditions that included a prohibition on Bergman's consumption of alcohol and a requirement that Bergman comply with all laws.

¶4 On February 18, 2012, Bergman invited T.P. to his home so that T.P. could visit their daughter. Bergman was the child's primary residential parent at the time, and T.P. is her natural mother. T.P. arrived at Bergman's home that evening and stayed until around 10:30 a.m. She subsequently left for several hours, returning to Bergman's home at around 2:00 a.m. on February 19, 2012. T.P. remained at Bergman's residence until around 11:00 a.m.

¶5 That morning, T.P. and Bergman got into a verbal disagreement that progressed into a physical altercation. After Bergman threw her down several steps, T.P. called the police. She reported the physical altercation, and stated that she had awakened earlier that morning

2

to find Bergman performing oral sex on her without her consent. Meanwhile, Bergman told the police that there had been "absolutely no sex between them." The police subsequently placed Bergman under arrest for Partner or Family Member Assault.

¶6 Later that day, T.P. gave several statements to the police. She explained in one of these statements that in addition to performing oral sex, Bergman proceeded to have sexual intercourse with her, despite her objections and resistance. Bergman eventually admitted to having sexual intercourse with T.P., but he described their sexual encounter as purely consensual series of acts. Bergman was subsequently charged with Sexual Intercourse Without Consent, in addition to Partner or Family Member Assault.

¶7 Based on these charges, a Petition to Revoke was filed against Bergman in District Court on April 13, 2012. The petition alleged that Bergman violated the conditions of his suspended sentence by consuming alcohol and by committing Sexual Intercourse Without Consent and Partner or Family Member Assault. Bergman admitted to consuming alcohol but denied that he committed Sexual Intercourse Without Consent or Partner or Family Member Assault.

¶8 A series of revocation hearings was held between July 30, 2012, and March 12, 2013. The District Court heard testimony from T.P., Bergman, and the police officer that interviewed T.P. and arrested Bergman. The court also heard testimony concerning T.P.'s reputation for truthfulness from witnesses presented by Bergman. Although Bergman wished to present seven witnesses for this purpose, the court limited Bergman to three. It based this decision on "time constraints" and "the inherent authority of the Court to control

3

the scope of litigation."

¶9 The District Court subsequently concluded that Bergman violated his probation by committing Partner or Family Member Assault and Sexual Intercourse Without Consent, noting that the issue came down to comparing the credibility of Bergman with the credibility of T.P. Based on Bergman's admission, the District Court also determined that Bergman violated his probation by consuming alcohol. For these reasons, the court revoked Bergman's sentence and resentenced him to five years in the Montana State Prison.

¶10 We review a district court's evidentiary rulings for an abuse of discretion. *State v. Lotter*, 2013 MT 336, ¶ 13, 372 Mont. 445, 313 P.3d 148. A court abuses its discretion when it acts arbitrarily, without employment of judgment, or in excess of the bounds of reason. *State v. Price*, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45.

¶11 On appeal, Bergman contends that the District Court erred by limiting Bergman to three witnesses on the issue of T.P.'s credibility, rather than allowing the seven witnesses he requested. He argues that limiting the number of witnesses he could present unfairly deprived him of the ability to defend himself.

¶12 As Bergman concedes, district courts have broad discretion in determining the admissibility of evidence in criminal trials. District courts have even greater flexibility in conducting probation revocation hearings, which are civil proceedings and not criminal trials. Notably, the Montana Rules of Evidence do not apply to revocation hearings and district courts are obligated to provide only the minimum requirements of due process. *State v. Pedersen*, 2003 MT 315, ¶¶ 20-21, 26, 318 Mont. 262, 80 P.3d 79.

¶13 Though guaranteeing the opportunity to present a defense, the right to due process does not afford defendants an unlimited right to introduce evidence that is inadmissible under standard rules of evidence, even in criminal trials. *State v. Hauer*, 2012 MT 120, ¶¶ 24-25, 365 Mont. 184, 279 P.3d 149 (citing *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 653 (1988)). And even in criminal trials, which warrant more process than revocation hearings, M. R. Evid. 403 allows a district court to exclude relevant evidence based on "considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

¶14 Consistent with its broad discretion and the spirit of Rule 403, the District Court in the present case decided that the testimony of three witnesses on the issue of the victim's credibility would be sufficient and that the testimony of seven witnesses on the same topic would not be allowed due to time constraints. Doing so, the District Court afforded Bergman a level of due process adequate for criminal trials and, consequently, at least the minimum requirements of due process that his revocation hearing warranted. The District Court, therefore, did not abuse its discretion by limiting the number of witnesses Bergman could present.

¶15 Regardless, the District Court did not abuse its discretion by revoking Bergman's sentence. We have repeatedly held that a district court does not abuse its discretion by revoking a sentence so long as a "single violation of the conditions of a suspended sentence" is established. *State v. Gillingham*, 2008 MT 38, ¶¶ 28-29, 341 Mont. 325, 176 P.3d 1075.

Given that Bergman had already admitted to drinking alcohol and to violating a condition of his suspended sentence by doing so, it was within the District Court's discretion to revoke Bergman's sentence.

¶16   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶17   Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA