ORIGINAL

FILED

04/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0151

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0151

---

RICHARD WAYNE GILLINGHAM,

      Petitioner,

v.

JAMES SALMONSEN,
Warden, Montana State Prison,

      Respondent.

ORDER

FILED

APR 1 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Richard Wayne Gillingham has filed a Petition for Writ of Habeas Corpus, indicating that his sentence violates his right to be free from double jeopardy and that his incarceration is illegal. He contends that Montana lacks jurisdiction over him. Gillingham states that he was falsely charged and accused of violating a Montana "Probation Order that never has been nor ever can be presented into evidence because no such document exists." He further states that he was "kidnapped" from British Columbia, Canada, to Montana, and that while he served three months in British Columbia, he served forty-five years for the same violation in Montana.

This Court is familiar with Gillingham's history. In 2006, Gillingham appealed "from a judgment in the Fourth Judicial District [Court], Missoula County, revoking his suspended sentence and sentencing him to serve forty-five years at Montana State Prison." *State v. Gillingham*, 2008 MT 38, ¶ 1, 341 Mont. 325, 176 P.3d 1075 (*Gillingham I*).[1] On appeal, this Court addressed two issues, whether: (1) "the District Court err[ed] in revoking Gillingham's suspended sentences because he refused to sign a document in which he waived extradition from Canada, when the judgment suspending his sentence did not contain such a requirement[;]" and (2) "the State present[ed] significant evidence at the hearing to revoke Gillingham's suspended sentences[.]"

---

[1] The District Court sentenced Gillingham in open court in August 2005, and the written judgment was filed in January 2006.

By way of background, in October of 1992, the State charged Gillingham with nine counts of sexual assault on minors and one count of assault on a minor, to have occurred in 1991 and 1992. *Gillingham I*, ¶ 5. On April 7, 1993, Gillingham pleaded guilty to four counts of sexual assault and one count of assault. *Gillingham I*, ¶ 6. The District Court sentenced Gillingham to five, ten-year suspended sentences to run consecutively. *Gillingham I*, ¶ 6. "Gillingham, a Canadian citizen, was deported to Canada, where he faced separate charges." *Gillingham I*, ¶ 6. Gillingham, however, was deported before signing his conditions of probation, one of which contained a waiver of extradition. Thereafter, Gillingham challenged his extradition for more than seven years, and in late 2004, Gillingham "was delivered into the custody of the Missoula County Sheriff." *Gillingham I*, ¶ 12. The court revoked Gillingham's revocation and Gillingham appealed his revocation.

In 2006, during the pendency of Gillingham's appeal, Gillingham sought habeas corpus relief with this Court. *Gillingham v. Mahoney*, No. OP 06-0268, Order (Mont. May 10, 2006) (*Gillingham II*). Gillingham asserted then "that as a Canadian citizen who was deported and banished from the United States in August of 1993, he was wrongfully extradited to face charges here, and is now wrongfully held on a revocation of a 1993 suspended sentence." *Gillingham II*, at 1. After receiving a response from then-Warden Mahoney, this Court denied his petition because the response provided legal authority and supporting documentation to refute Gillingham's unsupported claims. *Gillingham II*, at 2.

In 2008, this Court affirmed the District Court's revocation of Gillingham's suspended sentences. *Gillingham I*, ¶ 30. The had State had conceded the requirement that Gillingham waive extradition from Canada was not a condition included in the written judgment. *Gillingham I*, ¶ 20.[2] However, the Court concluded that, while the District Court

---

[2] This Court noted the legislative change to a probationary supervision statute in 2001. *See Gillingham I*, ¶ 20 n.1 ("The authority to require that a probationer waive extradition for his return to Montana was added to § 46-23-1011(2), MCA, by the Fifty-Seventh Legislature in 2001. 2001 Mont. Laws 2436-37.")

2

had no authority to revoke Gillingham's suspended sentences because of his failure to sign the conditions of probation either in Montana or British Columbia, this error was not fatal to the revocation. *Gillingham I*, ¶¶ 18-20. Because the court found that Gillingham had violated the court's written condition in its original judgment—"that the Defendant shall not have unsupervised contact with any children under the age of 16 years of age"—the revocation of his sentences was proper. "A single violation of the conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence." *Gillingham I*, ¶ 28 (*citing State v. Rudolph*, 2005 MT 41, ¶ 13, 326 Mont. 132, 107 P.3d 496). Accordingly, the District Court's revocation of Gillingham's consecutive, suspended sentences, and imposition of a forty-five-year prison term with a parole eligibility restriction was upheld.[3] *Gillingham I*, ¶ 16.

In 2011, Gillingham filed his second petition for habeas corpus relief, asserting that Montana lacks jurisdiction over him. *Gillingham v. Frink*, No. OP 11-0485, Order (Mont. Sept. 27, 2011) (*Gillingham III*). We noted our decision in his appeal. *Gillingham I*, ¶¶ 20, 28. We stated that Gillingham could not "attack the validity of a conviction when the petitioner has been adjudged guilty of an offense in a court of record and exhausted his remedy of appeal. Section 46-22-101(2), MCA." *Gillingham III*, at 2. We further stated: "Gillingham was lawfully extradited to Montana prior to the revocation of his suspended sentence, rendering moot, any issue related to his deportation in 1993. *Cook v. McClammy*, 2009 MT 115, ¶ 8, 350 Mont. 159, 206 P.3d 906[.]" *Gillingham III*, at 2-3.

Gillingham sought relief again the next year. "By way of habeas corpus, [Gillingham] seeks deportation back to Canada, or alternatively, that he be put to death." *Gillingham v. Kirkegard*, No. OP 12-0584, Order (Mont. Oct. 16, 2012) (*Gillingham IV*). He argued then that he was never convicted or sentenced, but that he voluntarily agreed to

---

[3] In 1993, the District Court imposed five, ten-year consecutive terms for the offenses. For the 2005 sentence upon revocation, the court corrected the terms because the maximum punishment for assault on a minor was a five-year term. Section 45-5-201(3), MCA (1991).

leave the United States. We concluded that Gillingham was not incarcerated illegally based on his insufficient, unsubstantiated claims. As before, we stated that "Gillingham was adjudged guilty in a district court and exhausted his remedy of appeal. Gillingham's exercise of his full due process rights supports his present incarceration. Section 46-22-101(2), MCA." *Gillingham IV*, at 2.

In 2016, Gillingham asserted in a petition for a writ of habeas corpus his revocation was improper because the court lacked jurisdiction and his sentence constituted double jeopardy. *Gillingham v. O'Fallon*, No. OP 16-0461, Order (Aug. 17, 2016) (*Gillingham V*). We outlined his history and noted Gillingham had been under the court's jurisdiction since 1993.

> As part of the original 1993 judgment, the court suspended his sentences on various terms and conditions, including the first condition that "[t]he [c]ourt retains jurisdiction and the right to impose additional conditions[.]" Gillingham is also mistaken that he was "freed" in 1993. Although he received suspended sentences, "[t]he District Court's judgment placed Gillingham under the supervision of the Department of Corrections." *Gillingham [I]*, ¶ 7. Gillingham, therefore, has been under Montana's authority since 1993.

*Gillingham V*, at 2-3. We stated that with the revocation of his suspended sentence, "Gillingham has not been placed in double jeopardy. *See* § 46-18-203(7)(d), MCA (1991)." *Gillingham V*, at 3. This Court denied his petition for habeas corpus relief.

Gillingham petitioned this Court for an out-ot-time appeal in 2018. We denied his petition seeking to appeal his sentence upon revocation, pursuant to M. R. App. P. 4(6).

> Gillingham's novel argument that he lacked knowledge of an appeal taken, considered, and decided well over a decade ago is not a reason for a second appeal. Since 2006, Gillingham has sought relief via habeas corpus for issues similar to those he wishes to raise in his requested out-of-time appeal. We have considered his claims and found them without merit.

*State v. Gillingham*, No. DA 18-0207, Order, at 1-2 (Mont. May 1, 2018) (*Gillingham VI*).

4

Accordingly, the allegations in the instant petition Gillingham have previously been addressed numerous times by this Court. *Gillingham VI.* Montana has jurisdiction over Gillingham. *Gillingham I*, ¶ 28; *Gillingham II*; *Gillingham III*; and *Gillingham V*. He was not falsely charged, accused, or kidnapped. *Gillingham I*, ¶¶ 7, 12, 16, 20, 23; *Gillingham II; Gillingham III*, and *Gillingham IV*. The issue about his failure to sign conditions of probation is moot because the revocation of his suspended sentences was also based on another violation of the court's written condition in the judgment. *Gillingham I*, ¶¶ 20, 28. No due process violation exists. *Gillingham I*, ¶ 29; *Gillingham IV*. His sentence upon revocation does not violate double jeopardy. *Gillingham V*. Gillingham is not entitled to habeas corpus relief. Section 46-22-101(2), MCA. Therefore,

IT IS ORDERED that Gillingham's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that henceforth, prior to filing any original petition or other pleading concerning his 1993 conviction and 2005 sentence upon revocation with this Court, Gillingham is directed to file a motion for leave to file the petition. The motion for leave must be sworn under oath, not exceed three pages in length, and make a preliminary showing that the petition has merit and meets the criteria to state a prima facie case under M. R. App. P. 14(5). Only when this Court has reviewed the motion and issued an order granting leave to file may the Clerk of this Court file the petition. Any original petition or other pleading Gillingham seeks to file shall be rejected and the Clerk shall inform Gillingham accordingly.

The Clerk is directed to provide a copy of this Order to counsel of record and to Richard Wayne Gillingham along with a copy of M. R. App. P. 14(5) for his reference.

DATED this 13 day of April, 2021.

_____

5

Justices